## BENI WHITE, SR.,

*v.*

## ALEXANDER C. KIBBY.

1. NOTICE—*bona fide purchaser.* A deed contained the following clause: "*We will warrant and defend the same against all claims whatsoever excepting any suit or suits pending, commenced by one Alexander C. Kibby, of Cumberland county, Illinois,*"—*held,* sufficient notice to the grantee, of lien of an attachment suit against his grantor.

2. SAME. A person must be held to notice whatever appears upon the face of his own title.

3. SAME — *actual notice.* Actual notice and a knowledge of such facts as would necessarily lead a person acting in good faith to actual notice, are one and the same thing.

WRIT OF ERROR to the Circuit Court of Cumberland county; the Hon. CHARLES H. CONSTABLE, Judge, presiding.

The facts sufficiently appear in the opinion of the court.

Mr. JOHN SCHOLFIELD and Mr. H. B. DECIUS, for the plaintiff in error.

Mr. O. B. FICKLIN, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was a bill in chancery, filed by White against Kibby, to quiet the title of certain real estate, of which White was in possession. Both parties claim under one Jenkins. White derived his title through recorded conveyances from Jenkins to one Norfolk, and from Norfolk to one Berry, and from Berry to himself. Kibby deraigned title through an attachment against Jenkins, issued from the Circuit Court of the county where the premises are situated, and levied before Jenkins conveyed to Norfolk. The certificate of levy was never recorded, but the deed to Norfolk contained the following clause: "We will warrant and defend the same against all claims whatsoever, excepting any suit or suits pending, commenced by one Alexander C. Kibby, of Cumberland county, Illinois." The single question presented by the record is, whether this clause was sufficient to put White upon inquiry, and thereby charge him with notice of the attachment, and we are of opinion that it was.

It is familiar law, that a person must be held to notice of whatever appears upon the face of his own title. This clause is to be considered as if contained in the deed to himself. It clearly points to the fact, that an attachment was pending against Jenkins at the suit of Kibby, at the time of the conveyance to Norfolk. With the knowledge of this fact, good faith required not only that White, when he bought, should examine the registry of certificates of levy, but also the record of the Circuit Court, to ascertain the disposition of the attachment to which reference is made in the deed, and which, at the time the complainant bought, was still pending. It is true, as urged by counsel, the statute provides a levy shall not take effect as to "*bona fide* purchasers without notice," until the certificate of levy is filed. But it has uniformly been held, that actual notice and a knowledge of such facts as would necessarily lead a person acting in good faith to actual notice, are one and the same thing. A party cannot be permitted willfully to shut his eyes to what lies in his path, and then complain that he did not see. In this case, the clause in the deed disclosed that a

suit was pending, affecting the title of these lots to such a degree, as to be specially excepted from the warranty. It was further disclosed, that this suit was commenced by Kibby. A purchaser honestly desirous of ascertaining the state of the title, and acting with reasonable prudence, would have ascertained the character of the suit thus called to his attention, and would thus have been led to a knowledge of the levy.

*Decree affirmed.*