## GEORGE W. PLUMMER

*v.*

## CHARLES W. RIGDON.

1. VERDICT. This court will not interfere with the verdict of a jury when the evidence is conflicting, even though it seems to preponderate against the verdict, unless it is apparent the jury have been actuated by passion or prejudice, and rendered a verdict manifestly wrong.

2. MEASURE OF DAMAGES—*for failure to convey land.* In an action by a purchaser of land to recover damages for a failure to convey, the value of the land at the time the conveyance is to be made, is the true measure of damages.

3. SAME—*on an agreement to exchange lands.* So in case of an agreement to exchange lands, and one of the parties knew at the time that he had no title to the land which he agreed to convey, in an action against him by the other party to recover damages for a failure to convey, the extent of the recovery should be measured by the value of the land to be conveyed to the plaintiff, and for the reason that the defendant sold land which, at the time he made the contract, he knew he did not own.

4. INSTRUCTION—*must be based on evidence.* It is not error to refuse an instruction when there is no evidence in the case upon which it can be predicated.

5. CONTRACT—*can not be rescinded for misstatement.* A mere misstatement by the vendor of property, as to its cost or value, in the absence of any fiduciary relation between the parties, will not authorize a rescission of the contract.

APPEAL from the Superior Court of Cook county; the Hon. JOHN BURNS, Judge, presiding.

Messrs. BRANDT & HOFFMAN, for the appellant.

Messrs. BAKER & OSGOOD, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, brought by Charles W. Rigdon, to recover damages from George W. Plummer, for the breach of a written contract executed by the parties for the exchange of certain real estate in Chicago.

A trial of the cause before a jury resulted in a verdict in favor of Rigdon, for $3000. The court denied a motion for a new trial, and rendered judgment upon the verdict, to reverse which, this appeal was brought.

It is first urged that, even if the measure of damages had been the difference in value between the lands agreed to be exchanged, the verdict is against the evidence.

In regard to the real value of the lands agreed to be exchanged at the time conveyances were to be made, the evidence was conflicting, and while the evidence might seem to preponderate in favor of appellant, yet, under the uniform decisions of this court, unless it is apparent the jury have been actuated by passion or prejudice, and rendered a verdict manifestly wrong, we can not interfere.

The difference between the actual value of the lands agreed to be exchanged, which formed the basis for the verdict, was purely a question of fact for the jury, and, as is usual in proving the value of property, there was a clear conflict in the proof, which it was the duty of the jury to reconcile. This they seem to have honestly done, and it is by no means certain, if the same facts were submitted to another jury, under the same instructions, the result would be otherwise. Under such circumstances, if the law applicable to the facts has been properly given, the verdict must be regarded as final.

The next question properly arising upon the record involves a consideration of the instructions in regard to the measure of damages.

The court, at the instance of appellee, instructed the jury, in substance, that the measure of damages was the difference

between the value of the lands agreed to be exchanged, and refused the instructions of appellant which, in substance, confined the recovery to actual expenses and damages suffered, excluding any difference in the value of the property agreed to be exchanged.

It is clear, from the evidence, that appellant's failure to convey the property embraced in the contract did not arise from any impure motive or fraudulent purpose. The difficulty was, that he only had title to an undivided half of the property agreed to be conveyed, while the other undivided half was in one McClintock, who refused to join in the conveyance, and carry out the written contract of sale which appellant had entered into.

Appellant, no doubt, at the time he made the contract, thought and honestly believed that McClintock, who was, at the time, his father-in-law, would join with him in the conveyance of the property. This, however, McClintock refused to do. This left appellant powerless to perform the contract.

The question, then, presented is this: Where a vendor contracts to sell real estate for a stipulated price, at a certain time, and, upon the arrival of the appointed time, is unable to convey, in an action brought by the vendee to recover for a breach of the contract, what is the true measure of damages?

This point arose at an early day in this State, and, independent of what view we might now be inclined to take, were it a new question, it must be regarded as settled by the former decisions of this court.

In *Buckmaster* v. *Grundy*, 1 Scam. 310, which was an action of covenant, brought by the vendee against the vendor, to recover damages for a failure of the vendor to convey lands as required by a contract under seal, the court said: "It is also urged that the exact sum actually paid must not only be averred but proved, and that the sum so paid, and interest, constitute the measure of damages to be assessed by the jury. Though this may be the rule in an action upon a warranty,

to recover back the consideration, in case of eviction, it is not the rule in an action of covenant for a breach in failing to convey according to the terms of the contract. In such case, the value of the land at the time it is to be conveyed (as established by evidence,) is the true measure of damages."

The same question again arose in *McKee* v. *Brandon*, 2 Scam. 339, and the court, in deciding the point, said: "The rule was correctly laid down, that the measure of damages for the non-conveyance of the land, was the value of the land at the time it was to be conveyed."

In *Gale* v. *Dean*, 20 Ill. 320, which was an action brought by Dean against Gale, to recover for a breach of a contract which provided that Gale should procure a conveyance of a tract of land from a third party, it was said: "The measure of damages in this case was not the value of the land when the contract was made, but its value at the time of the breach of that contract."

Under these authorities, it may be regarded as the settled law in this State, that, in an action by a vendee to recover damages for a failure to convey, the value of the land at the time the conveyance is to be made, is the true measure of damages.

It is true, a different rule prevails in England, and it was held, in the leading case of *Flurean* v. *Thornhill*, 2 W. Blackstone, 1078, that, upon a contract for a purchase, if the title proves bad, and the vendor is (without fraud) incapable of making a good one, the purchaser was not entitled to damages for the fancied goodness of the bargain which he supposed he had lost.

But even in that country the decisions of the courts do not seem to be harmonious upon the question, and, notwithstanding the clear enunciation of the rule in *Flurean* v. *Thornhill*, *supra*, in a later case, of *Hopkins* v. *Grazehook*, 6 Barn. & Cress. 31, it was said: "Upon the present occasion, I will only say that, if it is advanced as a general proposition, that, where a vendor can not make a good title, the purchaser shall

15—78TH ILL.

recover nothing more than nominal damages, I am by no means prepared to assent to it." The defendant was accordingly held responsible for the damages sustained by a breach of the contract.

In *Robinson* v. *Harmon*, 1 Excheq. 849, the same rule was applied. See, also, *Pounsett* v. *Fuller*, 17 Com. B. 660. These decisions last cited proceed upon the ground that, where a vendor sells that which he knew he did not, at the time, own, and was not certain of acquiring, he should, in such cases, be held liable for all damages sustained by the purchaser by the loss of the bargain, but upon what principle these cases can be distinguished from *Flurean* v. *Thornhill*, *supra*, in an action at law upon a contract, it is not quite apparent.

Under the doctrine announced, however, in *Hopkins* v. *Grazehook*, *supra*, appellee was entitled to recover damages for the loss of his bargain, which damages should be measured by the value of the lands to be conveyed to him by the contract of purchase, for the reason that appellant sold land which, at the time he made the contract, he knew he did not own.

Appellant insists that the rule which governs in an action to recover damages for the breach of a covenant of seizin, where the recovery is confined to the purchase money and interest, should control in an action for a breach of an executory contract to convey lands.

This is the rule adopted in several of the States. The rule, however, is different in this State, and we are satisfied the doctrine announced by our court is sustained by the weight of authority. *Hill* v. *Hobert*, 16 Me. 164 ; *Hopkins* v. *Lee*, 6 Wheaton, 109 ; *Drake* v. *Baker*, 34 N. J. 358 ; *Lawrence* v. *Chase*, 54 Me. 194 ; *Boardman* v. *Keeler*, 21 Vt. 84 ; *Kirkpatrick* v. *Downing*, 58 Mo. 32 ; *Barnham* v. *Nichols*, 3 R. I. 187 ; *Wells* v. *Aberthany*, 5 Conn. 222.

Neither is it clear why the rule that controls in an action to recover for a breach of the covenant of seizin, should be

applied where an action is brought to recover for the breach of an executory contract.

In the former case, we presume the recovery is restricted to the amount paid for the land at the time the conveyance is made, because the covenant of seizin is broken, if the grantor had no title, at the time the deed was delivered. The right of action had then accrued. The fact that eviction subsequently followed for the want of title at the time the conveyance was made, could not affect the question, but a contract containing a covenant to convey land at a future day, is of a different nature.

The covenant requires the conveyance to be made at a future day, if the land rises or falls in value. It is the right of the purchaser to receive a conveyance of it in its increased or diminished condition, on the day agreed upon in the contract.

If, then, the vendor fails to execute a conveyance at the time required by the contract, we see no reason why the damages of the vendee should not be measured by that general rule that gives the vendee the value of the specific article purchased, on the day it is to be delivered. *Connell* v. *McLean,* 6 Harris & J. 297.

It is also urged that the court erred in refusing appellant's second instruction, which was as follows:

" 2. If the jury believe, from the evidence, that the plaintiff falsely represented to the defendant that the house on West Washington cost over $7000, when the same cost only $4500, and that the defendant relied on such representations, and the plaintiff, by other false representations, as well as the foregoing, induced the defendant to enter into the contract sued on, and that the defendant would not have entered into said contract but for the said false representations of the plaintiff—then the jury are instructed, as matter of law, that the plaintiff can not recover in this case."

The record does not contain evidence upon which an instruction of this character can be predicated.

The contract executed by the parties required Rigdon to complete the house on Washington street according to certain plans and specifications. Appellant, when purchasing the property and making the contract, had no right to rely upon the statements of appellee as to the value or cost of the property. If he did so, it was at his own peril. By a reference to the plans and specifications, the value and expense of the building could have been determined.

A mere misstatement by a vendor of property, as to its cost or value, in the absence of any fiduciary relation between the parties, would not authorize a rescission of the contract for that reason. *Banta* v. *Palmer*, 47 Ill. 99.

It is also urged that appellee's first and eighth instructions assume, as a matter of fact, that there was a difference in value between the lands agreed to be conveyed.

Upon a careful examination of the instructions, we fail to find that they are liable to the criticism made upon them. They are not drawn in such a manner as to prejudice appellant's case or mislead the jury.

The last point relied upon by appellant is, that the court improperly excluded the offered evidence that the auction sale made by appellee of a portion of the property appellee agreed to convey appellant, was a sham.

If appellant had offered to prove any admissions of appellee to the effect that the auction sale was not made in good faith, such would have been proper, but we are aware of no rule which would permit proof of a general notoriety with which appellee was in nowise connected.

As no substantial error is perceived in the record, the judgment will be affirmed.

*Judgment affirmed.*