## CLARENCE W. MARKS
### V.
## WILLIAM C. GARTSIDE.

1. EVIDENCE—LEASE.—Where plaintiff rented a floor of a buil ling of A, who had rented the entire building from B, and B subsequently conveyed the entire premises to defendant, and at the same time assigned A's lease to defendant, and plaintiff afterward paid the rent of his portion to def ndant. *Held*, that in an action of trespass by plaintiff against defendant for interfering with his possession by entering his premises and making extensive repairs, it was error to exclude the lease of B to A in which the right to re-ent r the premises for the purpose of making improvements, alterations and repairs was reserved to the lessor, and such reservation by express terms was extended to and made binding upon the assigns of the lessor and lessee.

2. RECITALS IN DEED—CHAIN OF TITLE—NOTICE.—Where recitals are contained in a deed in a party's chain of title, he will be presumed to have seen and read them.

3. INSTRUCTION—BURDEN OF PROOF.—An instruction which held, in substance, that the burden was on the defendant to show that consent to the repairs in question was obtained from the plaintiff fairly and honestly, and after the pl intiff was fully advised by defendant of the nature and extent of the inconvenience and annoyance to which such repairs and alterations might subject him. *Held*, erroneous; such consent if given would be *prima facie* good, and the burden would be upon plaintiff to show it was obtained by frau l. Plaintiff was only bound to explain fully and fairly the purpose of the entry and the extent and nature of the alterations.

APPEAL from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding. Opinion filed March 3, 1885.

Mr. ELBRIDGE HANECY, for appellant.

Mr. JOHN M. GARTSIDE, for appellee; as to when a judgment will not be reversed although there may have been errors in the admission and rejection of evidence, cited Lycoming Fire Ins. Co. v. Dunmore, 75 Ill. 14; Lowry v. Coster, 91 Ill. 182; Stevison v. Earnest, 80 Ill.513; Crist v. Wray, 76 Ill. 204; Wiggins Ferry Co. v. Higgins, 72 Ill. 517.

Bailey, J.   This was an account of trespass, brought by William G. Gartside against Clarence W. Marks, to recover damages resulting from an interference by the defendant with the plaintiff's possession of the second story of a building known as No. 6 Washington street, Chicago.   It appears that the entire building had been leased by one Pumpelly to one Haskell, and that the plaintiff occupied the second story as a book-store for the sale of school books, under a lease from Haskell.   Pumpelly, after making the lease, conveyed the entire premises to the defendant, and at the same time, by an indorsement on the lease to Haskell, assigned said lease to the defendant, together with the rents to accrue thereon.   The plaintiff afterward paid the rent of his portion of the building to the defendant.

In May and June, 1882, the defendant, in making certain repairs, took down a board partition which divided the floor occupied by the plaintiff, from the stairway, and replaced the same with a lath and plaster partition, and he also at the same time repaired other portions of the building, and put on it an additional story.   In the course of these repairs considerable damage seems to have been done to the plaintiff's stock of school books, and his business seems to have been considerably interfered with and interrupted.

The defendant pleaded not guilty, and the parties stipulated that he might give in evidence, under that plea, any special matter which would be competent if specially pleaded.   At the trial the jury found the defendant guilty and assessed the plaintiff's damages at $1,000, for which sum and costs the plaintiff had judgment.

The defendant, in endeavoring to establish his defense, offered in evidence the lease from Pumpelly to Haskell, which was excluded by the court, and to the decision of the court excluding said lease, the defendant duly excepted and now assigns the same for error.

By said lease it was provided, that the right of the lessor, his agent or employes, at all times to enter and use the premises leased, without charge, for the purpose of improving, altering or repairing the same or the premises adjoining, was

expressly given to the lessor by the lessee; and it was further provided, that all the agreements in said lease contained should extend to and be obligatory upon the heirs, executors, administrators and assigns of the respective parties.

It is clear, we think, that the exclusion of the lease was error. The right to re-enter the premises for the purpose of making improvements, alterations and repairs, being reserved to the lessor, and such reservation, by the express terms of the lease, being extended to and made binding upon the assigns of the lessor and lessee, such right clearly subsisted as between the plaintiff and defendant. Especially was this so after the recognition by the plaintiff of the defendant as landlord by the payment to him of the rent.

It was competent by the defendant to establish a right of re-entry. Such right may not perhaps have justified an entry against the will of the plaintiff. See Reeder v. Purdy, 41 Ill. 279. But it was at least proper evidence to be considered in mitigation of damages, especially in view of the eighth instruction given at the instance of the plaintiff, which authorized the jury to award the plaintiff exemplary damages.

It is urged, however, that as there was no evidence of notice to the plaintiff of the provisions of said lease, he can not be affected by the reservation. To this view we are unable to assent. The lease was one of the papers in the plaintiff's chain of title, and it is a familiar rule of law, that a person must be held to notice of whatever appears upon the face of his title. White v. Kibby, 42 Ill. 510. Where recitals are contained in a deed in a party's chain of title, he will be presumed to have seen and read them. C., R. I. & P. R. R. Co. v. Kennedy, 70 Ill. 350.

We also think the third instruction for the plaintiff is liable to serious objection. The defendant gave evidence tending to show that his entry upon the plaintiff's premises was made with the plaintiff's consent, and considerable evidence was given of conversations between the plaintiff and defendant, in relation to the defendant's making the proposed repairs, and as to the time it would take to make them, and the inconveniences to which the plaintiff would be thereby subjected. The instruction held, in substance, that the bur-

den was on the defendant to show that such consent was obtained fairly and honestly, and after the plaintiff was fully advised by the defendant of the nature and extent of the inconvenience and annoyance to which such repairs and alterations might subject him.

It is undoubtedly true that, if the plaintiff was induced to give his consent by any fraudulent misrepresentations or concealments on the part of the defendant, such consent would be void, and the defendant could not avail himself of it in justification of his entry.    But such consent, if shown to have been made, would be *prima facie* good, and the burden would be upon the plaintiff, in order to avoid its effect as a justification of the alleged trespass, to show that it was obtained by fraud.    If the plaintiff were shown to have consented to the entry of his premises, without receiving or requiring of the defendant a word of explanation, it can not be doubted that such consent would constitute a license which would justify the trespass.    The burden would then be thrown upon the plaintiff, to show the existence of such facts as would render the license void or inoperative.

But even if it were true, as the instruction seems to hold, that before the defendant could receive from the plaintiff a valid license to enter said premises, it was incumbent on him to explain fully to the plaintiff the purpose for which he desired to make the entry, he certainly was not required to depict to the plaintiff all the probable consequences of the entry.   All the defendant was bound to do, in any event, was to explain fully and fairly the purposes of the entry and the extent and nature of the alterations and repairs which he proposed to make.   How they would affect the plaintiff's business, and how far they would inconvenience or annoy him, he knew just as well and probably much better than the defendant.   The instruction, however, required the defendant to show, not the nature and extent of the proposed repairs, but the nature and extent of the inconvenience and annoyance to which they would subject the plaintiff.

For the errors above pointed out, the judgment will be reversed and the cause remanded.

Judgment reversed.