VALENTINE B. HAVENS, Respondent, v. HARRI M. HOWELL and Others, Appellants.—Action for breach of a covenant of seizin in a certain deed of January 1, 1931, made by the defendants to the plaintiff. An action for a breach of a covenant of seizin is available only to one who has received a deed to a parcel the title to which is in a third party and still continues in a third party at the time the action

is brought for damages consequent upon the breach of covenant of seizin. (*Fitch* v. *Baldwin*, 17 Johns. 161.) While a breach of a covenant of seizin occurs at the time the deed containing it is delivered, if title be not in the grantor, the damages therefor become nominal if, before action is brought for that breach, the outstanding title of the third party is conveyed to the one asserting the breach. The damages then become either nominal or the amount expended to acquire the outstanding title (in this case ten dollars), because the covenantee elects not to stand upon the breach and to refrain from taking or acquiring the outstanding title himself. In the instant case plaintiff did not elect to stand upon the breach. (*Deschenes* v. *Tallman*, 248 N. Y. 33, 39; *Werner* v. *Wheeler*, 142 App. Div. 358.) He procured the alleged outstanding title of the third party and at the time of the trial it vested in him. That precluded damages for the breach in an amount greater than the cost of acquiring that alleged outstanding title. In any event because of the failure to evidence the survey referred to in the deed from the Bruce executors of December 31, 1929, the precise southern boundary of the plot there involved was not adequately located so as to permit a holding that the first deed conveyed the interest of the Bruce estate to the plaintiff to a point that would permit of a finding of a complete failure of title in respect of the beach front strip. Moreover, the evidence of acts of ownership by the Bruce estate and its predecessors indicated that the land in the Bruce chain of title did not extend to a point further south than the center line of the dunes, and possibly did not extend to a point further south than the inland side at the foot of the dunes, in view of the Bruce chain of title not containing a deed out of the trustees of the proprietors of the town of Southampton, who alone had title to the beach lands above high-water mark. (*Trustees of Southampton* v. *Betts*, 163 N. Y. 454; *Beers* v. *Hotchkiss*, 256 id. 41.) Judgment and order reversed on the facts and a new trial granted, costs to abide the event, unless within ten days from the entry of the order herein the plaintiff stipulate to reduce the amount of the verdict to ten dollars; in which event the judgment, as so reduced, and the order are unanimously affirmed, without costs. Lazansky, P. J., Hagarty, Carswell, Tompkins and Davis, JJ., concur.