DOWNS D/B/A HARFORD SURVEY ASSOCIATES ET AL. *v.* REIGHARD

[No. 242, September Term, 1971.]

*Decided April 12, 1972.*

The cause was argued before HAMMOND, C. J., and BARNES, McWILLIAMS, FINAN, SINGLEY, SMITH and DIGGES, JJ.

*Charles H. Reed, Jr.*, with whom were *Cameron & Reed, Stanley Getz* and *Getz, Getz & Getz* on the brief, for appellants.

*Nelson R. Kerr, Jr.*, with whom were *Kerr & Kerr* on the brief, for appellee.

BARNES, J., delivered the opinion of the Court.

This appeal is a sequel to our decision in *Reighard v. Downs*, 261 Md. 26, 273 A. 2d 109 (1971). In that case, we reversed a judgment entered by the Circuit Court for Harford County (Dyer, J.) for costs in favor of Downs, a surveyor, whose employee inverted certain coordinates in computing acreage on a subdivision plat prepared for Reighard, showing a parcel of land containing 22.075 acres, whereas the parcel only contained 19.58 acres. The trial court had concluded that there was no liability on the part of Downs. We reversed and held that there was liability on the part of Downs to Reighard for negligence in computing the acreage and remanded the case to the lower court for the determination of Reighard's damages, indicating, however, that the trial court had properly granted Downs' motion to strike out testimony relative to lost profits, the proof on this theory of damages being too conjectural and speculative to support an award of damages on that theory.

Upon the remand, Judge Dyer reviewed the testimony and in his written opinion filed August 4, 1971, stated, in part:

"The three items of damage to the Plaintiff are in evidence. There is no evidence to the contrary sufficient to disturb the weight of the Plaintiff's evidence. Therefore, the Court concludes the Plaintiff has established by the preponderance of evidence the following items of damage:

"(1) Excess amount of purchase price paid for acreage by reason of the error in computation, 2½ acres (difference between 22 and 19.5 acres) at $1250.00 per acre ................................... $3,125.00

"(2) Excess interest at 6% on Mortgage money from 15 August 1966 to 30 August 1967 ................................... 194.93

"(3) Excess real estate tax ........ 20.00

Total     $3,339.93

"Judgment for the Plaintiff entered this date in the amount above stated, together with costs of this Court and costs of Appeal to the Court of Appeals."

From the judgment entered on August 4, 1971, in accordance with the trial court's opinion, Downs filed a timely appeal, contending that there was insufficient evidence to prove an award of damages to Reighard on any theory, except for the item of $20.00 for excess real estate tax which Downs concedes was properly awarded as damages.

We do not deem it necessary to recount fully the testimony stated in some detail in our decision in *Reighard v. Downs, supra;* but we will state the facts bearing on the question of damages, excluding, of course, the testimony in regard to alleged loss of profits.

The testimony indicates that Reighard directed that

the lots in the proposed subdivision have a minimum frontage of 125 feet and that each lot be approximately an acre in size. Although Reighard understood that land contour and the shape of a lot had to be considered, he was uncertain why he could not get more lots out of a 22 acre tract than shown on the plats prepared by Downs. Reighard had approved a plat showing 20 lots but this had been disapproved by the proper officials of Harford County. A plat showing 19 lots was then prepared and it was on the basis of this plat that Reighard entered into the written contract to purchase with the owners of the tract. Reighard was dissatisfied with the small size of the lots which had been further diminished from 19 to 17 as shown on the plat recorded among the Land Records of Harford County. He ordered that area computations be made as a result of which he discovered the negligence in making the survey. Reighard stated:

"I asked what was to be done to correct the error—that I have paid more for the property than I should have because I was informed by them that I was buying 22 acres. And he agreed that there was a problem."

Reighard had been a real estate broker for 19 years and a real estate appraiser for 15 years. He had testified as an expert witness in regard to value of real estate in the Circuit Courts for Baltimore County and Harford County and is a qualified appraiser for the State Roads Commission. He testified that in the original listing agreement, the price was $1,500 an acre. This price would only be attractive to "a developer or someone who wanted small acreage for a homesite." He stated that in making his offer, he computed his offer based on a price per acre and, further, that, in his opinion, the fair market value of a piece of property immediately adjacent to the tract purchased by him and located in the worst part of the land owned by Scheeler (the seller) for development and containing 2.5 acres was, after constructing the improvements on the 19.5 acre tract, $5,700.00. He also

testified that, in his opinion, the fair entrepreneurial return on an investment of $1,250.00 an acre was between 150% and 200%.

So far as the measure of compensatory damages is concerned, we are of the opinion that recovery in the present case for negligent misrepresentation of the amount of acreage in the tract is like the measure of compensatory damages in fraud and deceit cases. See *Rozny v. Marnul*, 43 Ill. 2d 54, 250 N.E.2d 656 (1969); 37 Am.Jur.2d *Fraud and Deceit*, § 366, p. 497; 35 A.L.R.3d 504, "Surveyor's liability for mistake in, or misrepresentation as to accuracy of, survey of real property"; 13 A.L.R.3d 875, "'Out of Pocket' or 'Benefit of Bargain' as proper rule of damages for fraudulent representations inducing contract for the transfer of property," and 54 A.L.R.2d 660, "Tort liability for damages for misrepresentations as to area of real property sold or exchanged."

We recently reviewed the Maryland law in regard to the proper measure of damages in fraud and deceit cases in *Hinkle v. Rockville Motor Co.*, 262 Md. 502, 278 A. 2d 42 (1971) in which we stated:

> "In summary, the review of the Maryland cases on this question of the proper measure of damages in fraud and deceit cases demonstrates that this Court has applied the so-called 'flexibility theory' without heretofore expressly stating the factors to be considered in its application. *Selman v. Shirley*, 161 Or. 582, 609, 85 P. 2d 384, 91 P. 2d 312, 124 A.L.R. 1 (1938), the first case to define expressly this flexible approach, set forth the following four rules as a guide for the proper measure of damages in these cases.
>
> '(1) If the defrauded party is content with the recovery of only the amount that he actually lost, his damages will be measured under that rule;

'(2) if the fraudulent representation also amounted to a warranty, recovery may be had for loss of the bargain because a fraud accompanied by a broken promise should cost the wrongdoer as much as the latter alone;

'(3) where the circumstances disclosed by the proof are so vague as to cast virtually no light upon the value of the property had it conformed to the representations, the court will award damages equal only to the loss sustained; and

'(4) where * * * the damages under the benefit-of-the-bargain rule are proved with sufficient certainty, that rule will be employed.' "

(262 Md. at 511-12, 278 A. 2d at 47.)

The attempt of Reighard to recover for his alleged loss of profits having failed because we held in the prior case that a recovery on this would be too speculative, Reighard is entitled to seek recovery on the basis of the benefit of his bargain. He did not get what he bargained for in the amount of approximately 2.5 acres of land and the testimony above set forth was sufficient to justify the trial court in concluding that the value of an acre of land in the tract was $1,250.00 so that Reighard was entitled to recover $3,125.00 ($1,250 x 2.5 acres) for this loss. The trial court *might* have found from the testimony that the value of 2.5 acres was $5,700.00 but that court in this factual situation properly chose to select the least damages to Reighard. See *Big Rock Mountain Corp. v. Stearns-Roger Corp.*, 388 F. 2d 165 (8th Cir. 1968) ; 25 C.J.S. *Damages* § 71, p. 836, § 72, p. 842. See also 5 *Corbin on Contracts* § 1002, at 31-2 (1964).

In any event, Reighard did not file a cross-appeal so that any larger possible recovery is not before us. *Devereux v. Berger*, 264 Md. 20, 284 A. 2d 605 (1971).

The trial court, in our opinion, properly awarded Reighard the amount of $194.93 as excess interest at 6% from August 15, 1966, to August 30, 1967, on $3,125.00 of the money borrowed by Reighard to pay for the tract in question. This element of damage follows from the trial court's ruling in regard to Reighard's loss of the 2.5 acres valued at $3,125.00. The trial court *might* have possibly allowed interest subsequent to the filing of the amended declaration in the action on August 30, 1967; but, here again, there was no cross-appeal so that this question is not before us.

We do not find that the findings of fact of the trial court, sitting without a jury, were clearly erroneous, Maryland Rule 886, nor, in our opinion, were his conclusions in error.

*Judgment affirmed, the appellant Downs to pay the costs.*