537 P.2d 1402

**KIMBERLY, INC., a Texas Corporation, Plaintiff-Appellant,**

v.

**S. Leslie HAYS and Helen Louise Hays, his wife, Defendants-Appellees.**

No. 10133.

Supreme Court of New Mexico.

July 2, 1975.

Martin, Martin & Lutz, Las Cruces, for plaintiff-appellant.

Darden, Sage & Darden, Las Cruces, for defendants-appellees.

## OPINION

FRANK B. ZINN, District Judge.

The decision under review is a judgment reforming portions of a real estate purchase contract and notes and mortgages relating to it. Under review as well is a declaratory judgment determining payments made and balances due on the notes as reformed.

Kimberly, Inc., the plaintiff, is a closely held Texas corporation of James White, an El Paso, Texas, real estate developer. As the parties dealt with him, White was not distinguishable from the corporation.

The defendants Hays, on July 26, 1968, purchased a tract of farm land from persons named Payne. The tract was approximately 170 acres located in Dona Ana County. The Paynes sold the land to Hays subject to an option contract to Kimberly, a first mortgage to Equitable Life Insurance securing a debt of $110,000, and a second mortgage to the same James White securing a note for $16,595.

The Paynes and Kimberly had executed their contract on July 10, 1967. The "Contract of Sale and Option," as it was titled, granted Kimberly a series of options to purchase the entire 170-acre tract in fixed increments which the parties described as parcels and which were composed of numbered "plots" of varying sizes that had been portrayed on a map, made a part of the contract.

Contract terms bearing on the disputed matters are quoted.

"When ½ of the purchase price of any portion of any parcel of land has been paid and the Purchaser is in nowise in default of the Conditions herein set forth, Seller shall execute and deliver to Purchaser a General Warranty Deed conveying that number of acres requested, retaining a Mortgage and Deed of Trust to secure the payment of the balance due on such acres, all in accordance with the terms of this contract * * *.

"In the event Purchaser shall request a Warranty Deed on the 40 acres or any proportionate acreage thereof, Seller shall not be obligated to execute and deliver such Warranty Deed to such Parcel of land unless and until Purchaser shall have paid to Seller for each acre requested, ½ the purchase price of each such acre, and shall further not be obligated to deliver same until said Society shall release its lien on such acres so requested. Purchaser being the holder of the second lien, agrees to release such portion requested upon pre-payment made on his note of a sum per acre proportionate to the total amount of his note.

"To compute when ½ of a portion of a parcel has been paid to Seller, the down payment of $7,000 and any annual installment paid, shall be apportioned among the total acreage of the parcel so being paid for."

Kimberly made payment and took credits of varying amounts until it totaled what was believed to be the necessary sum to be entitled to a deed to the first parcel. A demand for that deed was made of Hays by letter dated January 6, 1971. There had been some disagreement as to just what payments and credits had been made and what remained due. There ensued a lengthy period of negotiation including efforts to restate the details of the parties' respective positions as to all the parcels and plots. This exchange of letters by the parties' attorneys and testimony of their discussions were received in evidence for the court to review contentions of either accord and satisfaction or waiver having resolved some of the areas of dispute. Suit was filed by Kimberly in December of

1971, seeking specific performance by Hays of a conveyance of the parcel covered by the first option as well as for damages arising out of the delay. Counterclaims by Hays for reformation and for declaratory judgment, however, became the principal issues.

Surveys were conducted to obtain satisfactory metes and bounds descriptions of the several plots. The surveys revealed some variances with the acreage figures stated in the contract. The court, finding that the original contract was in error by mutual mistake, reformed it to match the survey acreage. The court also found the parties had intended a per acre price as to all but one of the plots, rather than a gross price per plot, and reformed the purchase price.

During the course of the litigation, the plaintiff Kimberly undertook to exercise the remaining options and demanded conveyance of the several plots, making various payments and tendering the notes and mortgages to secure the unpaid balances. Also during the litigation, a conveyance by Kimberly of one of the parcels covering plots 4 and 9 to third parties occurred.

Before the suit began and for some time thereafter, both Hays and White cooperated in an attempt to obtain the partial releases from Equitable of their mortgage to allow the options to be exercised. Meeting Equitable's requirements to obtain the releases proved difficult and expensive. Which party should bear that expense became an issue in the case, and the court's decision on that point was appealed by both parties, neither being satisfied. Hays did not recover what had been spent and Kimberly was decreed liable for any further such costs. The parties agree and a review of the contract confirms there is no written provision about who would obtain or who would pay for securing the partial releases from Equitable.

Appellant Kimberly's first point on appeal challenged the reformation by the court of the terms relating to plots 4 and 9

increasing the price. After the survey had been made and the error discovered, a warranty deed, note and mortgage were prepared by Kimberly with the survey acreage and description. The amount of the note and mortgage reflected the price set out in the contract. Kimberly contends that the Hays executed the warranty deed and accepted the note and mortgage and cannot now obtain information. This was pled as both an accord and satisfaction and an acceptance and waiver. The trial court ordered Kimberly to pay Hays an added sum to meet the increased purchase price, to increase the promissory note on the balance due and to redo the mortgage to secure the amended note.

Kimberly's defenses of an accord and satisfaction or acceptance and waiver were rejected by the trial court. It did not make the finding requested by Kimberly that Hays had accepted the note and mortgage knowing of the inclusion in the documents of the increased acreage figure. Likewise, the court did not find that at the time the one-half payment and the documents were exchanged the amount claimed due as payment was an issue in dispute between Hays and Kimberly. These affirmative defenses on which Kimberly had the burden of proof must be considered as rejected by the court for lack of adoption of the findings sought by Kimberly. Begay v. First National Bank of Farmington, 84 N. M. 83, 499 P.2d 1005 (1972); Hopkins v. Martinez, 73 N.M. 275, 387 P.2d 852. The facts as found including those negatived by rejection bind this court on review. Alfred v. Anderson, 86 N.M. 227, 522 P.2d 79 (1974); Springer Corporation v. Kirkeby-Natus, 80 N.M. 206, 453 P.2d 376 (1969).

The lack of knowledge on Hays' part with the presence of knowledge and nondisclosure to Hays on Kimberly's part of the acreage difference seems adequately to support the order for reformation of the note and mortgage. An instrument may be reformed if (1) there has been mutual mis-

take, or (2) a mistake by one party accompanied by fraud or other inequitable conduct by the other party. Wright v. Brem, 81 N.M. 410, 467 P.2d 736 (1970) and Morris v. Merchant, 77 N.M. 411, 423 P.2d 606 (1967).

■ The note, mortgage and deed relating to plots 4 and 9 were prepared at Kimberly's instance and from figures supplied by James White. Hays merely accepted them as presented. Knowing incorporation by Kimberly without disclosure of the varied acreage figures would be inequitable conduct. It is not essential that the inequitable conduct be some serious wrongdoing.

In Restatement of Contracts, § 505 (1932) the rule is expressed:

"* * * if one party at the time of the execution of a written instrument knows not only that the writing does not accurately express the intention of the other party as to the terms to be embodied therein, but knows what that intention is, the latter can have the writing reformed so that it will express that intention."

The trial court apparently based its ruling on this principle.

■ Kimberly, however conveyed a parcel of the land to a third party. The interests of a third party purchaser for value necessarily affect the trial court's order to redraft the note and mortgage to secure the higher balance.

"* * * the reformation of a description in a deed or mortgage will not be allowed as against a subsequent bona fide purchaser or encumbrancer of the land." 66 Am.Jur.2d Reformation of Instruments § 65 (1973).

Both parties on appeal agree that this portion of the judgment needs to be set aside. A remand to correct this problem is necessary. The mortgage and note assumed by the third party cannot now be revised, but payment of the corrected purchase price can be adjudged.

■ Appellant's second point on appeal urges that an accord and satisfaction of the parties' differences had been concluded and culminated by agreement reached after the series of lawyers' letters and meetings that took place in 1971 after the first option was sought to be exercised and before the suit was commenced at the end of the year to force the conveyance of the first parcel. The court found to the contrary and we find no basis to reject that finding.

■ Appellant urges similarly the acceptance by Hays of the note and mortgage on the option parcels, plots 2 and 5, 3 and 6, and 7 and 8, with the contract price, and the revised survey acreage closed the door on reformation of those instruments just as it did for plots 4 and 9. Here again, the court's rejection of findings sought by Kimberly on the point of a knowing acceptance by Hays of the varied acreage precludes us from making any other finding in the absence of undisputed facts to require such a contrary result.

Appellant's third point dealt with the trial court's interpretation of the parties' contract as to who would pay the cost of obtaining the partial releases of the Equitable mortgage. Appellant asked for a finding that the contract was ambiguous. The court rejected the finding by not making one.

■ While appellee Hays filed a notice of cross-appeal, its brief deals only with seeking to uphold the trial court's decision and oppose appellant's contentions. This leaves this court with nothing to review and leaves intact the court's judgment decreeing Hays liable for the sums he had expended in obtaining the Equitable releases.

The court's adjudication of Kimberly's prospective liability for all future costs of securing the Equitable releases is challenged by appellant on the ground that absent ambiguity and a specific finding that such existed the court could not turn to extrinsic evidence to interpret the parties' intent on the uncertain issue. Kimberly asks

that the trial court be required to review its findings of lack of ambiguity and its certainty of Kimberly's obligation to obtain the releases, and to determine that Hays was obliged to obtain the releases, and that Hays having failed in this duty, the court should also review Kimberly's request for damages arising from that breach of contract.

■ The problem is that the language of the contract does not lend itself to interpretation in either parties' favor on the issue. There are some things the court cannot do and one is to do for the parties what they failed to do for themselves. In interpreting agreements, as was stated by this court in Davies v. Boyd, 73 N.M. 85, 88, 385 P.2d 950, 951 (1963):

"The court's duty is confined to interpretation of the contract which the parties made for themselves, and [the court] may not alter or make a new agreement for the parties."

■ James White for Kimberly and Payne, who preceded Hays under the contract, just did not have an agreement on the point and the court cannot write one for them. Accordingly, as to the adjudication of appellant Kimberly's liability for future costs of obtaining releases, this must be reversed.

The cause is reversed in part and affirmed in part as indicated in this opinion and remanded to the trial court for appropriate revision of its judgment.

It is so ordered.

McMANUS, C. J., and STEPHENSON, J., concur.