552 P.2d 468

John I. GONZALES and Nick Gonzales, Petitioners,

v.

Feliberto GARCIA, Respondent.

No. 10962.

Supreme Court of New Mexico.

July 28, 1976.

R. Howard Brandenburg, Taos, for petitioners.

Peggy Nelson, Taos, for respondent.

## OPINION

SOSA, Justice.

This case presents the issue of whether the trial court's conclusions of law may be attacked upon appeal if appellant failed to submit requested findings of fact and conclusions of law, and the issue as to the appropriate measure of damages if purchaser under executed contract for purchase of real property receives only part of the agreed-upon acreage.

In 1962 plaintiffs-appellees-petitioners John and Nick Gonzales entered into a contract to purchase 22.675 acres from respondent Feliberto Garcia. In 1969 petitioners discovered that Mr. Garcia did not own approximately 10.157 acres of that land, whereupon they purchased them from the owner, Mr. Joe Sanchez, for $7,109.90. Petitioners then brought suit against Mr. Garcia based upon fraud, misrepresentation, and the warranty covenants in the deed. Neither party submitted requested findings of fact and conclusions of law. On April 10, 1975, the trial court issued its separate findings of fact and conclusions of law, and entered judgment awarding petitioners $7,109.90 plus interest. Mr. Garcia appealed. The Court of Appeals reversed. *Gonzales v. Garcia*, No. 2078 (Ct. App., May 11, 1976). We granted certiorari.

Petitioners present the following issue for review in their petition for writ of certiorari: In the absence of requested findings of fact and conclusions of law by either party, may an appellate court review the trial court's conclusions of law? We hold that in this case we may review the conclusions of law since the trial court's separate findings of fact are before us.

The trial court issued its separate findings of fact and conclusions of law based upon the stipulation of the facts which was entered into by both the petitioners and the respondent. Upon appeal respondent did not challenge any of the findings of fact but did challenge the conclusions of law based upon those findings of fact. Petitioners argue by analogy that since a party who fails to submit his own requested findings of fact is precluded from attacking the court's findings of fact, *Wagner Land and Investment Co. v. Halderman*, 83 N.M. 628, 495 P.2d 1075 (1972), *Speechly v. Speechly*, 76 N.M. 390, 415 P.2d 360 (1966), then similarly a person who fails to submit requested conclusions of law is precluded from attacking the court's conclusions of law.

We disagree. Findings of fact are determined by the factfinder(s), and upon appeal, our scope of review with respect to these findings is in general limited to an inquiry into whether they are supported by substantial evidence. However, in the first instance, the determination as

to the applicable law is a function of the trial court, and this determination is reviewable by the appellate court. See generally *Edens v. New Mexico Health & Social Services Dept.,* 89 N.M. 60, 547 P.2d 65 (1976). In *Edens* the findings of fact by the trial court were properly before the appellate court and they were sufficient for that court to determine the proper law to be applied to those findings. *Speechly v. Speechly,* supra, is distinguishable because there the trial court failed to make separate findings of fact and conclusions of law, and none were before the appellate court. *Wagner Land,* supra, is distinguishable because plaintiff-appellant wanted review of the court's findings of fact but did not submit his own requested findings of fact. Thus, in the case at bar the Court of Appeals properly reviewed the trial court's conclusions of law that flowed from the trial court's findings of fact.

The question then becomes whether the Court of Appeals, in determining the standard of damages to be the proportionate part of the purchase price, applied the appropriate measure of damages in this case. Mr. Garcia argued that the proper measure of damages for the deficient acreage is the proportionate part of the *purchase* price of the land that he failed to convey; petitioners argued that the proper measure of damages is at least the replacement cost of the deficient acreage. The trial court awarded the petitioners $7,109.90, the replacement cost, but it failed to elucidate the legal theory upon which it relied to reach this result.

Two of the trial court's findings have direct bearing upon the resolution of this problem. First, the court found that no fraud on Mr. Garcia's part was involved; rather, he made a mistake. Second, the court found that purchase of the deficient acreage was necessary in order to protect petitioners' improvements thereon, including the gravel pit, access to the new United States Highway 64, and the resultant increase in value to the remaining portion of the purchased land.

■ Based upon plaintiffs'-purchasers' complaint two remedies with attendant measures of damages are available to them.[1] First, since purchasers utilized the theory of breach of the covenant of seisin of an executed contract, and since purchasers eventually acquired title to the deficient land from the actual titleholder, the measure of damages in this case generally is the purchase price for the outstanding title, provided it was reasonable in amount and did not exceed the consideration paid by the purchaser to the vendor-in-deficiency, plus reasonable expenses to obtain the title to the deficient acreage. *Jeffords v. Dreisbach,* 168 Mo.App. 577, 153 S.W. 274 (1913); Annot., 61 A.L.R. 10, 60–61 (1929); see 6 R. Powell, Law of Real Property ¶ 905 (rev. ed. P. Rohan 1975); 77 Am.Jur.2d Vendor and Purchaser § 557–60 (1975); D. Dobbs, Handbook of the Law of Remedies § 12.8 (1973). If, as here, the third party who has actual title conveyed that title to the purchaser before that purchaser brought the action for breach of the covenant of seisin against the vendor-in-deficiency, the measure of damages has been held to be the amount expended to acquire that title. *Havens v. Howell,* 243 App.Div. 806, 278 N.Y.S. 223 (Sup.Ct.1935); Annot., 100 A.L.R. 1194, 1197 (1936). Second, purchasers alleged that fraud was perpetrated upon them, but the court found no fraud but rather an innocent mistake. Since purchasers desired to keep that land which vendor's deed could convey, then, as to the deficiency, purchasers' damages under the theory of mistake are generally limited to ratable abatement of the purchase price plus interest (assuming all land had approximately equal value, that is, quantitative rather than qualitative pricing of the land). *Flygare v. Brundage,* 76 Wyo. 350, 302 P.2d 759 (1956); Annot., 57 A.L.R. 1253, 1508 (1928).

1. For a more complete analysis of the possible legal and equitable theories and their remedies, see D. Dobbs, Handbook of the Law of Remedies § 12.7–12.12 (1973).

Under the circumstances of this case we are inclined to adopt the measure of damages enunciated in *Havens v. Howell,* supra, and place upon the vendor the entire cost of replacement of deficient acreage rather than the mere repayment of the ratable portion of the purchase price plus interest. Vendor undertook to sell 22.675 acres but had good and merchantable title to only 12.518 acres. Although the court found that the mistake was an innocent one, we are persuaded that in this case it was a significant mistake because approximately 45% of the land area was not conveyable by this vendor. Vendor should know the extent of his property or at least make significant efforts in ascertaining it before selling it under a warranty deed. Vendor is in the best position to obtain this information. Selling land one does not have title to often results in costly litigation many years after the initial conveyance. The burden of loss should fall upon the vendor.

By adopting this test the trial court properly awarded purchasers the $7,109.90. The Court of Appeals is reversed. The judgment of the trial court is affirmed.

OMAN, C. J., and McMANUS, MONTOYA and EASLEY, JJ., concur.