RONALD DEAN STEWARD *et al.*, Plaintiffs-Appellees, *v.* DEAN YODER *et al.*, Defendants-Appellants.

Fourth District    No. 15738

Opinion filed July 17, 1980.

Marvin H. Gesell, of Arnold, Gesell & Schwulst, of Bloomington, for appellants.

Herrick, Rudasill & Moss, of Clinton (A. J. Rudasill, of counsel), for appellees.

Mr. JUSTICE WEBBER delivered the opinion of the court:

This is an action for damages for breach of contract to sell 40 acres of land in DeWitt County. Plaintiffs were buyers and defendants were sellers. The circuit court of DeWitt County, sitting without a jury, awarded damages to plaintiffs and defendants have appealed. The only questions raised are the proper measure of damages and the award of interest on certain items.

The facts are not in dispute. The parties entered into a standard contract of sale on July 30, 1974. It provided that the defendants would furnish merchantable title by October 1, 1974, and would deliver possession on March 1, 1975, or upon removal of the 1974 crops, whichever was earlier. Plaintiffs made a down payment of $6,000 and were to pay the balance of $54,000 by March 1, 1975. The consideration was $1,500 per acre.

Defendants admit that they were unable to furnish merchantable title on the date specified, or at any time thereafter. It is also admitted that plaintiffs took possession of the premises between October 31, 1974, and January 31, 1975. During this period they prepared for the 1975 crops, plowing and fertilizing, and removing a fence. Possession was returned to defendants on February 1, 1975.

The trial court awarded plaintiffs the sum of $32,278.90 which it calculated as follows:

1. Difference between contract price
   ($1,500 per acre) and market value on
   March 1, 1975 ($2,050 per acre)           $22,000.00
2. Return of down payment                      6,000.00
3. Interest at 5% on down payment from
   August 9, 1974, date of payment, to
   June 29, 1979, date of decision            1,473.70
4. Value of work done between October 31,
   1974, and January 31, 1975                 1,974.59
5. Interest on item No. 4 at 9% from
   October 26, 1974, to June 29, 1979           830.61.

Defendants quarrel with three of the foregoing items and raise those issues for review: (1) as to item No. 1, defendants claim that in the absence of bad faith on the part of the seller, the buyer is entitled as damages only to the return of his down payment plus interest, not to the difference between contract price and market value; (2) as to item No. 3, defendants claim that interest should run only to the date upon which they tendered back the down payment in August 1975, about one year following its payment, not to the date of decision; (3) as to item No. 5, defendants claim that no interest at all is due on this.

We disagree with them as to the first two issues, but concur with them as to the third.

■■ The law of Illinois as to the measure of damages in a case such as this has been settled since *Plummer v. Rigdon* (1875), 78 Ill. 222. In that case the supreme court said:

> "Under these authorities, it may be regarded as the settled law in this State, that, in an action by a vendee to recover damages for a failure to convey, the value of the land at the time the conveyance

is to be made, is the true measure of damages." 78 Ill. 222, 225.

Defendants maintain that the rule of *Plummer* obtains only when bad faith on the part of the vendor is shown and cite various Illinois and sister State authorities for this proposition. The answer is two-fold. First, the cases cited do not make good or bad faith the touchstone of the matter, and *Plummer* itself rejected any such distinction. Second, the record here demonstrates lack of good faith on the part of these defendants.

The flaw in the title was a written contract made by a prior owner in the chain of title by which he agreed not to sell the land but to leave it in trust for his children. This contract was part of a marital settlement and was recorded 27 days before defendants executed their contract with the plaintiffs. In *White v. Kibby* (1867), 42 Ill. 510, 511, the supreme court said, "It is familiar law, that a person must be held to notice of whatever appears upon the face of his own title." Defendants thus knew, or are charged with constructive knowledge, that at the time of signing with the plaintiffs they would be unable to deliver merchantable title.

The trial court was correct in assessing damages as the difference in the contract price and the value on the date upon which conveyance was to be made. Evidence was received that this value was $2,050 per acre and this evidence is not controverted.

■ The interest on the down payment was also correctly calculated by the trial court. Defendants did tender to plaintiffs the down payment and the value of the work done about a year after the signing of the contract. However, the record discloses that the tender was conditional. Defendants tendered the sums on condition that acceptance of them be a complete accord and satisfaction. A tender will not stop the accrual of interest unless it is made unconditionally. *Taylor v. Scott, Foresman & Co.* (1913), 178 Ill. App. 487.

■ The trial court was incorrect in allowing interest on the value of the work done. While the amount, $1,974.59, is not in dispute, until after the order in this case was signed it was unliquidated and the rules of prejudgment interest must apply. Prejudgment interest is allowable only where it is so agreed by the parties or where permitted by statute. In the case at bar the contract did not so provide. The alternative is section 2 of "An Act in relation to the rate of interest and other charges in connection with sales on credit and the lending of money" which provides in part: "Creditors shall be allowed to receive at the rate of five (5) per centum per annum * * * on money withheld by an unreasonable and vexatious delay of payment." (Ill. Rev. Stat. 1977, ch. 74, par. 2.) We do not view defendants' conduct in making a conditional tender as unreasonable or vexatious. It amounts only to a dispute over the amount due and does not involve any contrivance or circumvention. In fact, the record discloses that although conditional, defendants actually tendered more than was

ultimately found due. Therefore, neither the contract nor the statute authorized interest on the item.

As we read the judgment order of the trial court, it appears to us that the award of interest on this item was based on broad, but unarticulated, principles of equity—that plaintiffs "enhanced the value of this land." An award of interest on equitable principles is not unknown. (Compare *McKey v. McCoid* (1921), 298 Ill. 566, 132 N.E. 233; *Groome v. Freyn Engineering Co.* (1940), 374 Ill. 113, 28 N.E.2d 274.) However, as with statutory interest, there must be an element of bad conduct, and we have already determined that such an element is not present here.

■ For the foregoing reasons the judgment order of the circuit court of DeWitt County is affirmed except that this court, pursuant to the authority of Supreme Court Rule 366(a)(5) (73 Ill. 2d R. 366(a)(5)), enters a remittitur of $830.61.

Affirmed as modified by remittitur.

MILLS, P. J., and LEWIS, J., concur.