681 P.2d 724

**CHROMO MOUNTAIN RANCH PART-
NERSHIP, Plaintiff-Appellant and
Cross-Appellee,**

v.

**Consuelo GONZALES, Defendant-Appel-
lee and Cross-Appellant,**

v.

**Joseph C. LUJAN, Third-Party
Defendant.**

**No. 15105.**

Supreme Court of New Mexico.

May 30, 1984.

Sommer & Lawler, Joseph G. Lawler,
Santa Fe, for appellant.

Jasper & Buell, John Jasper, Santa Fe,
for appellee.

Matthew L. Chacon, Espanola, for third-
party defendant.

## OPINION

FEDERICI, Chief Justice.

This is an appeal from the District Court
in Rio Arriba County, wherein plaintiff-ap-
pellant, Chromo Mountain Ranch (Chromo)
brought an action for reformation of a land
sale contract against defendant-appellee
and cross-appellant Consuelo Gonzales
(Gonzales). The trial court granted judg-
ment for Chromo and, on equitable princi-
ples of reformation, ordered a refund of
the ratable portion of overpayment on the
original purchase price of the land. How-
ever, the court did not grant relief by way
of an award of interest and denied loss of
bargain damages. Chromo appeals and
Gonzales cross-appeals. We affirm in part
and reverse in part.

Evidence was presented at trial which
established that in 1973 Chromo contracted
to purchase 7,493.93 acres from Gonzales
for $1,000,000. Gonzales employed Joseph
C. Lujan (Lujan), third-party defendant in
this case, to survey the property. At the
time of the sale, Gonzales had in her pos-
session a survey done earlier by George
Rivera (Rivera), indicating a discrepancy in

the amount of acreage she was to sell to Chromo.

Arrangements for payment for the land were as follows: Chromo was to pay $10,000 to Gonzales upon execution of the sale and $90,000 at closing. On the first, second, third, fourth and fifth anniversaries of the sale, Chromo was to pay $63,000, which represented interest at the rate of 7% per annum on the unpaid principle of the purchase price. $90,000 was to be paid annually together with interest on the unpaid balance at the rate of 7% per annum on the sixth, seventh, eighth and ninth anniversaries. The balance, together with interest, was to be paid on the tenth anniversary. In 1976, Chromo entered into an agreement with Dr. Richard A. Gooding (Gooding) to sell the 6,124.53 acres east of New Mexico Highway 85, as delineated by the Lujan survey, for $200.00 per acre or a gross price of approximately $1,225,000. Pursuant to the Chromo-Gooding agreement, Gooding had the land surveyed and found that the tract contained 5,885 acres, a deficiency of 240.253 acres.

Chromo made demand on Gonzales for adjustment in the purchase price. Gonzales refused to make such adjustment, whereupon Chromo brought suit for reformation of the contract, for refund on interest paid at the rate of 7% per annum from October 1, 1973 until paid, and for judgment in the amount of $66.56 per acre for 240.253 acres, or $15,991.24 plus interest of 7½% per annum from February 4, 1977 until paid, representing plaintiff's loss of the benefit of the bargain. Chromo also sought exemplary damages for constructive fraud, attorney fees and costs of the suit. The trial court found Gonzales in pari delicto as a result of constructive fraud and applied the equitable remedy of reformation to Chromo, ordering a refund on a ratable proportion of the original price.

The issues presented are: (1) Did the trial court properly apply reformation as a remedy, and (2) Did the trial court err in refusing to grant to Chromo a refund of interest paid on the purchase price.

## 1. Reformation.

■ Chromo states that reformation is the proper remedy for constructive fraud regarding a land sale contract. We agree. *Kimberly, Inc. v. Hays*, 88 N.M. 140, 537 P.2d 1402 (1975). The court found that Chromo acted under a reasonable unilateral mistake insofar as it relied upon the survey made by Lujan showing an acreage of 7,493.9. Chromo justifiably relied upon this statement, and tendered payment to Gonzales according to the terms of the contract.

■ In *Kimberly*, the trial Court found the original amount in the acreage stated in the contract was in error, by mutual mistake of the parties, and reformed the contract to comply with the accurate survey acreage. The court also adjusted the price on a pro rata basis, except for one plot. On appeal, this Court stated: "An instrument may be reformed if (1) there has been mutual mistake, or (2) a mistake by one party accompanied by fraud or other inequitable conduct by the other party." *Id.* at 143, 144, 537 P.2d at 1405, 1406. *See also Morris v. Merchant*, 77 N.M. 411, 423 P.2d 606 (1967); *Wright v. Brem*, 81 N.M. 410, 467 P.2d 736 (Ct.App. 1970). Gonzales, the trial court found, was aware of the discrepancy between the Rivera survey and the survey presented by Lujan. The court found that this was sufficient to justify a finding of constructive fraud and thereby reform the agreement accordingly. The record supports this finding made by the trial court. Conduct on the part of the defendant need not be egregious to summon an equitable reformation. *Kimberly v. Hays*, 88 N.M. 140, 537 P.2d 1402 (1975).

The rule is stated in *Restatement of Contracts* Section 505 (1932):

> [I]f one party at the time of the execution of a written instrument knows not only that the writing does not accurately express the intention of the other party as to the terms to be embodied therein, but knows what that intention is, the latter can have the writing reformed so that it will express that intention.

This statement conforms with the evidence presented and the findings made by the trial court.

*Restatement (Second) of Contracts* Sections 155 and 166 (1979), sets forth the instances in which mistake justifies reformation. Section 166 of the Restatement reads:

If a party's manifestation of assent is induced by the other party's fraudulent misrepresentation as to the contents or effect of a writing evidencing or embodying in whole or in part an agreement, the court at the request of the recipient may reform the writing to express the terms of the agreement as asserted,

(a) if the recipient was justified in relying on the misrepresentation, and

(b) except to the extent that rights of third parties such as good faith purchasers for value will be unfairly affected.

In land contract sales where there has been some indicia of fraud or mistake, and when courts have elected to award out-of-pocket damages based on reformation of the agreement, the courts traditionally have determined the pro rata price per acre to be the correct measure of damages. *Wilbur v. Wilson*, 179 Cal.App.2d 314, 3 Cal.Rptr. 770 (1960); *Flygare v. Brundage*, 76 Wyo. 350, 302 P.2d 759 (1956); Annot., 57 A.L.R. 1253, 1508 (1928).

We affirm the trial court on the issue of reformation.

**2. Interest.**

■ The trial court refused to order repayment of interest to Chromo. In *Gonzales v. Garcia*, 89 N.M. 337, 339, 552 P.2d 468, 470 (1976), this Court enunciated the rule regarding interest. "[P]urchasers' damages under the theory of mistake are generally limited to ratable abatement of the purchase price plus interest." The award of interest is a matter of right, and is not left to the discretion of the trial judge. The trial court erred in failing to allow interest to Chromo.

In *Jones v. United States*, 258 U.S. 40, 42 S.Ct. 218, 66 L.Ed. 453 (1922), the United States Supreme Court established that where a party's real property is wrongfully taken or has been converted, interest is allowable as a matter of right. In *Jones*, the United States was induced to purchase land as a result of the vendor's fraud. The Court clearly stated the rule regarding interest: "[W]hen the wrong consists of depriving the owner of property having a definite or ascertainable value there would seem to be the same reason for allowing interest as if there had been a misappropriation of money." *Id.* at 49, 42 S.Ct. at 220.

The Maryland Court of Appeals in 1972 held, regarding interest, that the measure of compensatory damages for negligent misrepresentation of amount of acreage is the same as the measure for damages for fraud. *Downs v. Reighard*, 265 Md. 344, 289 A.2d 299 (1972). In that case the appellate court affirmed the trial court's award of interest. In jurisdictions which choose to award out-of-pocket damages rather than benefit of the bargain damages, interest has generally been awarded, especially in cases involving fraud. *Thompson v. Walker*, 56 Idaho 461, 55 P.2d 1300 (1936); Annot., 13 A.L.R.3d 875 §§ 4(a), 12(b) (1967).

Other rulings in which courts have awarded out-of-pocket damages have also included the interest on the refunded money. *See, e.g., Montgomery v. Cook*, 76 N.M. 199, 413 P.2d 477 (1966); *J.P. (Bum) Gibbins, Inc. v. Utah Home Fire Ins. Co.*, 202 F.2d 469 (10th Cir.1953); *Davis Cattle Co., Inc. v. Great Western Sugar Co.*, 393 F.Supp. 1165 (D.Colo.1975), *aff'd*, 544 F.2d 436 (10th Cir.1976), *cert. denied*, 429 U.S. 1094, 97 S.Ct. 1109, 51 L.Ed.2d 541 (1977); *Steward v. Yoder*, 86 Ill.App.3d 223, 41 Ill.Dec. 709, 408 N.E.2d 55 (1980); *Long v. Brown*, 593 S.W.2d 371 (Tex.Civ.App.1979).

In *State Trust & Savings Bank v. Hermosa Land & Cattle Co.*, 30 N.M. 566, 595, 240 P. 469, 480 (1925), this Court said:

Where a sum certain becomes due at a fixed time—an undoubted liquidated claim—it is generally considered that interest is recoverable as an element of damages, regardless of contract or statute * * *.

The reason of the rule allowing interest as damages on liquidated claims is plain. It is essential to compensation, and compensation is the fundamental principle of damages.

The plat surveyed by Gonzales indicated an acreage above the amount of land actually purchased. Chromo has made all contractually required payments of interest. Thereby Gonzales has been unjustly enriched in having received payment for the deficient acreage and interest thereon in an amount exceeding $20,000. We hold the trial court to be in error regarding repayment for the interest and remand on the issue of interest. Insofar as the judgment of the trial court failed to award interest to Chromo, it is reversed.

The cause is remanded for further proceedings consistent with this opinion. Chromo shall recover its costs on appeal.

IT IS SO ORDERED.

SOSA, Senior Justice, and WALTERS, J., concur.