Louis D. Glanz, Appellant, v. John Wisniewski et al.,
Appellees.

Gen. No. 40,567.

Opinion filed October 25, 1939.

Jacob Levy, of Chicago, for appellant.

Kamfner & Halligan, of Chicago, for appellee
Frank Lynn; Edwin A. Halligan ·and Samuel M.
Lanoff, of Chicago, of counsel.

Mr. Justice Burke delivered the opinion of the court.

On September 25, 1933, Frank Lynn was appointed successor receiver for the purpose of managing and collecting the rents of the improved real estate located at the northwest corner of Bryn Mawr and Marmora avenues, Chicago. Such appointment was made on the motion of a junior mortgagee. On February 2, 1934, plaintiff herein filed his complaint in chancery in the circuit court of Cook county for the purpose of foreclosing the first mortgage on the premises. On July 6, 1934, an order consolidating the cases was entered. By the provisions of the same order, Frank Lynn was continued as receiver. On October 11, 1934, a decree of sale was entered, pursuant to which the real estate was sold by a master in chancery on March 4, 1935. On March 7, 1935, the sale was approved by the court. Plaintiff, as trustee, was the purchaser at the sale. By the order of March 7, 1935, the receiver was directed to continue in office during the statutory period of redemption and until the further order of the court. On October 5, 1936, the receiver filed his final report and account. Numerous objections thereto were filed by plaintiff. On November 27, 1936, the court overruled the objections, allowed the receiver fees in the sum of $275, allowed his then attorney fees in the sum of $100, and directed that unpaid obligations in the sum of $1,398.31 be a lien upon the premises. The order also retained jurisdiction of the case for the purpose of enforcing the terms thereof. Such order also approved the account and discharged the receiver.

Plaintiff appealed from the order of November 27, 1936, and this court in *Consaer v. Wisniewski,* 293 Ill. App. 529, affirmed the same. Plaintiff petitioned for a rehearing, which was denied by this court on February 28, 1936. Plaintiff thereupon petitioned that the Supreme Court grant him leave to appeal from the judgment of the Appellate Court. The Supreme Court

declined to allow plaintiff to appeal. In order to sustain the order of November 27, 1936, it became necessary for the receiver to hire the law firm of Kamfner, Halligan & Marks for the purpose of representing him in the Appellate and Supreme Courts. The hiring of that law firm was authorized by an order entered in the circuit court. The receiver, through his attorneys, filed a brief and an additional abstract in the Appellate Court, and an answer to the petition for leave to appeal in the Supreme Court. After the Supreme Court had declined to allow plaintiff to appeal, the receiver on July 6, 1938, filed his petition in the circuit court and therein sought repayment of the costs expended on the appeal and additional fees to himself and his solicitor. Plaintiff filed an answer thereto. On September 22, 1938, following the introduction of testimony and a full hearing, the court decreed that plaintiff pay to the receiver the sum of $85.95 for necessary expenditures made by him, the further sum of $150 for additional services rendered by such receiver, and the sum of $500 to the receiver for his attorneys for the additional services necessarily rendered by such attorneys in the courts of review. The court directed that such charges be taxed as costs against the plaintiff. This appeal is prosecuted to review the order of September 22, 1938.

Plaintiff insists that the court was without jurisdiction to allow additional fees to the receiver and to his attorneys. He argues that ''when the term expires the court loses jurisdiction of the subject matter.'' It was necessary for the receiver to retain an attorney for the purpose of resisting the effort of plaintiff to overturn the order of the court. The objections to the final account embraced items other than the fees allowed to the receiver and his attorney. When plaintiff prosecuted the appeal he knew that it would be necessary for the receiver to hire an attorney for the purpose of sustaining the order appealed from. The decisions of our courts of review point out that solicitors' fees for serv-

ices rendered in such courts of review cannot be considered there because of lack of original jurisdiction. Such decisions suggest that applications for fees for services rendered in the appellate tribunals be filed and considered in the trial courts. The chancellor could not allow fees for services rendered on the appeal until the appeal was prosecuted. He could not anticipate that plaintiff would appeal. We are of the opinion that the chancellor retained jurisdiction to award reasonable fees for services rendered in the Appellate and Supreme Courts. The fees allowed appear to be reasonable. Plaintiff also maintains that the court erred in taxing the fees as costs against plaintiff. It will be observed that the order entered November 27, 1936, reserved jurisdiction for the purpose of enforcing the terms thereof. We are of the opinion that under the authority of *McAnrow v. Martin,* 183 Ill. 467, 474, and the factual situation in the instant case, the fees allowed to the receiver and his solicitor are properly taxed as costs.

Finally, plaintiff complains that the court committed error in allowing the sum of $85.95 for necessary expenditures made by the receiver in the courts of review. Petitioner expended $48.60 for the printing of briefs filed in the Appellate Court and for the printing of an answer filed in the Supreme Court. We agree that these items are not designated by statute or rule of court as allowable as costs in the reviewing courts. However, they were properly allowed by the chancellor as part of the necessary expenses incurred. The chancellor, as part of such sum of $85.95, allowed the $10 paid by the receiver as an appearance fee in the Appellate Court, and the like sum paid by him in the Supreme Court and the sum of $17.35 paid by him for the printing of an additional abstract. The latter three items totaling $37.35 were properly taxed as costs in the Appellate and Supreme Courts and should not be again taxed as costs in the circuit court. The receiver in

his brief concedes that the items taxed as costs in the courts of review should not again be included in the costs taxed in the circuit court.

For the reasons stated the order is affirmed except as to the items totalling $37.35. The order, as to the three items aggregating $37.35 will be amended by disallowing the same. So amended, the decree is affirmed with costs taxed against appellant.

*Reversed in part, modified and affirmed as modified.*

DENIS E. SULLIVAN, P. J., and HEBEL, J., concur.