612 NORTH MICHIGAN AVENUE BUILDING CORPORATION, Plaintiff-Appellee, *v.* FACTSYSTEM, INC., *et al.*, Defendants.—(JEFFERSON STATE BANK *et al.*, Defendants-Appellants.)

First District (2nd Division)   No. 76-173

Opinion filed November 15, 1977.

Teitelbaum, Wolfberg, Guild & Toback, of Chicago (John T. Burke and Robert Guritz, of counsel), for appellants.

Ralph G. Scheu, of Chicago, for appellee.

Mr. JUSTICE PERLIN delivered the opinion of the court:

Defendants-appellants, Jefferson State Bank and Bernard Feinberg, appeal from a finding of the trial court which assessed damages against them for rents due under a number of leases and for wrongful use and occupancy of plaintiff's premises. This court has previously affirmed appellants' liability in *612 North Michigan Avenue Building Corp. v. Factsystem, Inc.* (1st Dist. 1975), 34 Ill. App. 3d 922, 340 N.E.2d 678, wherein the cause was remanded to the trial court for a hearing on the issue of damages. On appeal appellants contend that (1) the testimony of plaintiff's managing agent was not competent and did not support the judgment as to rents due under a number of leases; (2) plaintiff failed to prove the extent of its damages and the duration of use and occupancy under its count alleging wrongful use and occupancy; and (3) the trial court erred in awarding plaintiff costs for appellate brief printing expenses. Plaintiff cross-appeals, maintaining that the trial court improperly denied it interest on its judgment for damages for appellants' wrongful use and occupancy.

We affirm in part and reverse in part.

Plaintiff, lessor, and defendant Factsystem, as lessee, entered into a number of leases for office space in plaintiff's building. Among the credit references listed in Factsystem's application was defendant Jefferson State Bank whose president was defendant Feinberg. Factsystem entered into possession of the leased premises and paid rent to and including the month of April 1970. On May 1, 1970, Factsystem had become insolvent, and nearly all of its assets had been sold at public auction to satisfy its obligations to defendant Jefferson State Bank, incurred as the result of many loans by the latter to the former secured by Factsystem assets.

Plaintiff then filed a three-count complaint whereby it sought to recover from defendants Jefferson State Bank and Feinberg the rent incurred on the Factsystem premises from May 1, 1970, through June 25, 1970 (the date on which Factsystem ceased possession), and damages for the use and occupancy of the premises by Jefferson State Bank and Feinberg from June 26, 1970, until the expiration of the lease term on October 21, 1970. The complaint alleged that Jefferson State Bank and Feinberg had committed a fraud because Feinberg, at the time he gave plaintiff assurances that Factsystem was financially responsible, had failed to disclose that he was a director of Factsystem and that he had a substantial financial interest in Factsystem. Fraud was also alleged to exist since nearly all of the assets of Factsystem were pledged as security for loans made by Jefferson State Bank to Factsystem, and since most of the assets were purchased at the public auction by Jefferson State Bank and used to set up a successor corporation to Factsystem. Count II of the complaint which sought the appointment of a receiver was dismissed without prejudice by the trial court and is not involved in this appeal.

After filing its complaint, plaintiff served defendants with a lengthy list of interrogatories. A number of attempts were made to secure answers to these interrogatories. When all such attempts failed, the trial judge imposed sanctions on defendants for their failure to comply with discovery procedures. He struck defendants' answers to the complaint and entered judgment on the complaint in favor of plaintiff.

Defendants-appellants appealed the default judgment to this court. In *612 North Michigan Avenue Building Corp. v. Factsystem, Inc.* (1st Dist. 1975), 34 Ill. App. 3d 922, 340 N.E.2d 678, this court affirmed the actions of the trial court in granting judgment in favor of plaintiff but reversed and remanded that part of the judgment relating to damages. Appellants' motion for leave to appeal to the supreme court was denied (58 Ill. 2d 599 (1975)) and the cause was reinstated in the trial court for trial on the issue of damages.

Following a series of three hearings, the trial court sitting without a jury awarded damages in the amount of $19,833.02 plus interest on the finding of liability under count I of the complaint and $19,804.44 under count III. The interest on the judgment on count I was to run from June 26, 1970, the date on which Factsystem's unpaid rent was due and owing to plaintiff. The interest on the judgment on count III was to run only from October 6, 1975, the date of the judgment order.

Defendants-appellants Jefferson State Bank and Feinberg have appealed from those portions of the October 6, 1975, order awarding plaintiff damages under counts I and III of its complaint and awarding plaintiff costs for appellate brief printing expenses. Plaintiff cross-appeals from that portion of the October 6, 1975, order limiting its recovery of

interest under count III to accrual from October 6, 1975, the date of the judgment order.

Appellants contend that the testimony of John W. Carlson, the managing agent of plaintiff's building who testified as to count I of plaintiff's complaint, was incompetent in that plaintiff failed to lay a proper foundation for Carlson's testimony. Specifically, appellants argue that the trial court violated the best evidence rule, that the underlying records from which Carlson made his calculations were not offered into evidence or shown to be admissible evidence under the business records exception to the hearsay rule.

In support of this position appellants quote at length from *LeRoy State Bank v. Keenan's Bank* (1929), 337 Ill. 173, 169 N.E. 1. The substance of the *LeRoy* case is that in spite of the best evidence rule, where the original documents consist of numerous documents, books, records or papers which cannot be conveniently examined to extract the fact sought to be introduced, any competent witness may testify to the fact, provided it is capable of being ascertained by calculation. The court has discretion to admit such summaries, provided they are verified by the person by whom the records were prepared and provided the adverse party is given the opportunity to examine the originals. It is necessary that the original record from which the summary was made be of such a character as to be itself admissible in evidence. Where the testimony of the person who made the original record is unavailable, the authenticity of the original record may be established by other evidence.

In the instant case John W. Carlson, manager of the 612 North Michigan Avenue Building, was allowed to testify to the amount of rent due from Factsystem as of June 25, 1970, from a summary of the accounts of his employer, a building management firm. In addition to Carlson's testimony, copies of the ten leases signed by the plaintiff, lessor, and by defendant Factsystem, as lessee, were admitted into evidence. Each of the 10 leases provided for payment of rent in addition to the fixed rent. Additional rent was to come from a percentage of any increase in real estate taxes, any special assessments, and operating costs of the leased premises, which accrued for any calendar year during the term of the leases.

Plaintiff produced its audits, tax bills and ledger sheets concerning the leased premises for appellants to inspect well before trial. Moreover, this court has previously upheld the trial court's entry of a default judgment against appellants for their failure to comply with discovery. Plaintiff maintains that appellants have waived any right to complain about the competency of Carlson's testimony since appellants have been in possession of all documents which served as the basis of Carlson's testimony.

■■■ The law requires the best evidence available and will bar the admission of any evidence which by its nature indicates there is other more direct, positive and conclusive evidence. (*First Trust & Savings Bank v. Powers* (1946), 393 Ill. 97, 65 N.E.2d 377.) Before secondary evidence of the contents of a writing may be introduced, the moving party must lay a proper foundation to meet hearsay, authentication and best evidence objections. (*In re Estate of Fidler* (1st Dist. 1974), 23 Ill. App. 3d 1046, 319 N.E.2d 822.) Thus a proper foundation has been found to authorize the introduction of a record copy of a lease when the moving party testifies that neither he nor his attorney had possession or control of the lease. (*Prettyman v. Walston* (1864), 34 Ill. 175.) Also inaccessibility of the original may be shown at trial when the very nature of the proceedings places a party on notice that he is in possession of a writing upon which the moving party will base his defense or his case. *Maxcy-Barton Organ Co. v. Glen Building Corp.* (1934), 355 Ill. 228, 237, 189 N.E. 326; see *Soft Water Service, Inc. v. M. Suson Enterprises, Inc.* (1st Dist. 1976), 39 Ill. App. 3d 1035, 1040, 1041, 351 N.E.2d 264.

■■ The record in the case at bar reveals no questions concerning the accuracy of Carlson's testimony. His credibility has not been questioned by any suggestion that he used the wrong figures in arriving at his computation of the rent due and owing plaintiff under the lease. Appellants' only objection was that plaintiff failed to bring forth the best evidence or lay a proper foundation for Carlson's testimony. And yet well before and during trial appellants themselves were in possession of all the records and underlying documents upon which Carlson based his testimony. Carlson's testimony established that he was the building manager of the 612 North Michigan Avenue Building for 20 years and that the building's records were maintained under his supervision. He also testified that he had examined the records concerning the Factsystem rental. We believe that plaintiff laid a sufficient, though not an artful, foundation for Carlson's testimony as to the rents due and owing to plaintiff under the Factsystem leases. We further find that the trial judge sitting without a jury had sufficient evidence under Supreme Court Rule 366 (Ill. Rev. Stat. 1975, ch. 110A, par. 366(b)(3)) to assess the damages under count I at $19,833.02 plus interest.

Appellants next maintain that plaintiff failed to establish a basis upon which the trial court could have properly assessed damages under count III of plaintiff's complaint for appellants' use and occupancy of the 612 North Michigan Avenue Building after Factsystem ceased occupancy. They cite *Smith v. Dunaway* (5th Dist. 1966), 77 Ill. App. 2d 1, 221 N.E.2d 665, and numerous other cases which they contend establish that while the averments of a complaint, for purposes of a default judgment, are admitted as true, defendant still has a right to submit proof in mitigation

of damages. This rule, appellants argue, entitles them to submit proof that they did not occupy the premises for the period alleged in the complaint.

This court cited *Smith v. Dunaway* for the proposition that defaulted defendants have the right to be heard solely on the issue of damages. (*612 North Michigan Avenue Building Corp. v. Factsystem, Inc.*, at 928.) The *Smith* case does not, however, give defaulted defendants a right to a rehearing on any issue of liability.

■■ In the instant case Jerome Whiston, president of Frank M. Whiston & Co., testified as an expert witness that in his opinion the use and occupancy of the subject premises from June 26, 1970, through October 21, 1970, was valued at $22,964.51. No questions are raised concerning Whiston's expertise in the leasing and management of Chicago office buildings. Also Whiston was clearly familiar with the 612 North Michigan Avenue building and its surrounding area in 1970. Rather than submitting expert testimony of their own to challenge the opinion of Whiston, appellants attempted to relitigate an issue of liability. They offered testimony that they did not occupy the premises during the whole of the period between June 26, 1970, and October 21, 1970. The trial court, however, correctly refused to admit this testimony. We find no error in the trial court's use of Whiston's expert testimony as the basis for its assessment of damages against appellants under count III of plaintiff's complaint.

■■ Lastly, appellants argue that the trial court erred in awarding plaintiff costs for the printing expenses of its appellate briefs. We agree with appellants. In *Glanz v. Wisniewski* (1st Dist. 1939), 301 Ill. App. 520, 523, 23 N.E.2d 235, this court affirmed the act of a receiver in paying such costs but found expenditures for the printing of briefs not to be designated by statute or by rule of court. We find no authority for the trial court's inclusion of the costs of printing appellate briefs in assessing costs against appellants and therefore reverse the trial court's order assessing appellants for plaintiff's appellate brief printing expenses.

■■ Plaintiff cross-appeals contending that the trial court erred in denying plaintiff interest on the debt underlying count III from the date appellants began to use and occupy the premises. Right to interest, however, is statutory and is not generally allowed absent any prior agreement or statute covering the particular circumstances. (*Loy v. Booth* (2d Dist. 1974), 16 Ill. App. 3d 1077, 1081, 307 N.E.2d 414.) Plaintiff thus relies on section 2 of the Interest Act (Ill. Rev. Stat. 1969, ch. 74, par. 2), which provides: "Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing * * * and on money withheld by an unreasonable and vexatious delay of payment." To recover on a theory of unreasonable and vexatious delay, the evidence

must establish that the debtor had thrown obstacles in the way of collection. (*Woodruff v. City of Chicago* (1946), 394 Ill. 542, 551-52, 69 N.E.2d 287.) Moreover, courts of equity, particularly in cases involving actual or constructive fraud, will allow interest in a case where circumstances require it in order to do justice between the parties. *Duncan v. Dazey* (1925), 318 Ill. 500, 526, 527, 149 N.E. 495; *Loy v. Booth* (2d Dist. 1974), 16 Ill. App. 3d 1077, 1082, 307 N.E.2d 414.

■■ In the case before us plaintiff based counts I and II of its complaint on appellants' nondisclosure of an important fact—Feinberg's interest in Factsystem. Also, when Factsystem defaulted in its rental payments, appellants wrongfully used and occupied the premises without paying rent. While no lease covered the relationship of the parties after June 25, 1970, appellants used and occupied the premises as either holdover tenants or trespassers. Plaintiff has been forced to endure a lengthy period of litigation to obtain what rightfully belonged to plaintiff at the time of appellants' wrongful use and occupancy. The equities and the law lie with plaintiff. We believe the circumstances of this case warrant interest to plaintiff under count III of its complaint from the date of appellants' wrongful use and occupancy of the premises.

The judgment of the trial court is affirmed as to that part of the judgment awarding plaintiff $19,833.02 plus interest under count I of plaintiff's complaint. That portion of the judgment awarding plaintiff $19,804.44 under count III of plaintiff's complaint is affirmed. The trial court's denial of interest to plaintiff under count III is reversed, and the interest is to accrue from the date of appellants' wrongful use and occupancy. Finally, the trial court's assessment of costs for plaintiff's appellate brief printing is reversed.

Affirmed in part and reversed in part.

DOWNING, P. J., and STAMOS, J., concur.