**CALIFORNIA UNION INSURANCE COMPANY, Plaintiff,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Defendant.**

**No. 93 C 6262.**

United States District Court,
N.D. Illinois,
Eastern Division.

June 4, 1996.

---

Sonia Victoria Odarczenko, Margaret J. Orbon, Clausen, Miller, Gorman, Caffrey & Witous, P.C., Michael James Baughman, Chicago, IL, for plaintiff.

Algimantas P. Kezelis, Robert A. Kezelis, French Kezelis & Kominiarek, P.C., Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

CASTILLO, District Judge.

Following this Court's grant of summary judgment in favor of California Union on March 28, 1996, California Union has filed a Bill of Costs and a motion pursuant to FED. R.CIV.P. 59(e) seeking prejudgment interest, both of which are presently pending before the Court. Liberty Mutual has not objected to the Bill of Costs; and our own review of it indicates that it appears to be in order. Accordingly, we award California Union costs pursuant to FED.R.CIV.P. 54(d) in the amount of $8,291.16.

The issue of whether to grant prejudgment interest, and in what amount, is more troublesome. It is troublesome because, in our Memorandum Order and Opinion of March 28, we entered judgment in favor of California Union in the amount of $3,723,242.00 and then added, "plus interest" and taxable costs. *California Union Ins. Co. v. Liberty Mut. Ins. Co.*, 920 F.Supp. 908, 924 (N.D.Ill.1996). However, upon examining Illinois law more closely, we find that the circumstances in which prejudgment interest may be granted are not present here. Thus, we now modify our previous order of March 28, 1996 to delete the award of interest, and deny California Union's motion regarding the computation of prejudgment interest.

California Union seeks prejudgment interest from the date of January 28, 1992, the date it completed making payments totalling $3,723,242 to settle a verdict rendered against a company that California Union insured under an excess insurance policy. California Union contended, and this Court agreed, that primary insurer Liberty Mutual breached its duty of care to California Union in unreasonably failing to settle the underlying case, and that this breach caused California Union to have to pay out the $3,723,242. In its present motion, California Union argues that it is entitled to interest during the period from January 28, 1992 to March 28, 1996 at three different possible rates: 5% (as prejudgment interest pursuant to the Illinois Interest Act, 815 ILCS § 205/2 (1996)), 9% (as post-judgment interest pursuant to 735 ILCS § 5/2–1303 (1996)), or the applicable prime rate during this period (as a remedy available in equity). For the following reasons, we find we must reject all of these theories.

First, we find that California Union is not eligible for prejudgment interest at the

statutory rate of 5% under the Illinois Interest Act. That Act is only applicable to certain actions: actions involving money "due on any bond, bill, promissory note, or other instrument of writing," money "withheld by an unreasonable and vexatious delay of payment," or other actions not relevant here. 815 ILCS § 205/2. The equitable subrogation action brought by California Union does not fall within any of these categories. Illinois courts construe the statute strictly, holding that interest is not generally allowed absent a prior agreement or statute covering the particular circumstances. *See 612 North Michigan Ave. Bldg. Corp. v. Factsystem, Inc.*, 54 Ill.App.3d 749, 754, 12 Ill.Dec. 613, 618, 370 N.E.2d 236, 241 (1st Dist.1977).

California Union cites to *Hartford Cas. Ins. Co. v. Argonaut–Midwest Ins. Co.*, 1989 WL 8521 (N.D.Ill. Jan. 31, 1989), a case in which the trial court awarded statutory prejudgment interest to an insurance company that had been forced to pay out monies that properly should have been paid by the other insurance company. While this case appears facially similar, in *Hartford Casualty* the disputed sums were actually due under an insurance policy, which was an "instrument of writing" within the meaning of the Interest Act. Here, by contrast, the $3,723,242 was not due under an insurance policy (Liberty Mutual paid the limits of its policy toward the settlement) but by reason of Liberty Mutual's failure to exercise due care to avoid an excess verdict. Thus, *Hartford Casualty* is distinguishable, and California Union has failed to show that it is eligible for prejudgment interest under the Illinois Interest Act.

■ California Union's second theory, that it may be awarded interest for the period from January 28, 1992 to March 28, 1996 as "post-judgment" interest pursuant to 735 ILCS § 5/2–1303, we find similarly unavailing. By its terms, § 5/2–1303 authorizes interest only on judgments rendered by a court against the party sought to be charged for the interest. Here, however, the only judgment entered against *Liberty Mutual* (and thus the only judgment for which Liberty Mutual would be liable for post-judgment interest) was entered by this Court on March 28, 1996. The judgment entered in the earlier, underlying case was not entered against Liberty Mutual but against Liberty Mutual's client.

California Union has cited *Mid–America Bank & Trust Co. v. Commercial Union Ins. Co.*, 224 Ill.App.3d 1083, 167 Ill.Dec. 199, 587 N.E.2d 81 (5th Dist.1992) to us as support for imposing the type of interest it seeks here on an insurer who controlled the defense in the underlying case. We have considered this case as well as other Illinois case law, and prefer the reasoning of *Industrial Indemnity Co. v. Vukmarkovic*, 205 Ill.App.3d 176, 150 Ill.Dec. 270, 562 N.E.2d 1073 (1st Dist. 1990), which rejected the imposition of post-judgment interest in similar circumstances.

■ California Union's third and final argument is the most persuasive, and yet still the facts here do not quite fit their theory. California Union argues that in Illinois proceedings in equity, "prejudgment interest may be recovered when warranted by equitable considerations, and disallowed if such an award would not comport with justice." *In re Estate of Wernick*, 127 Ill.2d 61, 87, 129 Ill.Dec. 111, 123, 535 N.E.2d 876, 888 (1989). *Wernick* involved a fiduciary who underpaid the decedent for the sale of some properties. The Illinois supreme court stated that the goal of awarding interest is not to punish the losing party, but "to make the injured party complete by forcing the fiduciary to account for profits and interest he gained by the use of the injured party's money." *Id.*

It is this latter language that disturbs us, and prevents us from imposing interest here. While the duty that Liberty Mutual owed to its insured, and hence to California Union, is indeed fiduciary in nature, *see Twin City Fire Ins. Co. v. Country Mut. Ins. Co.*, 23 F.3d 1175, 1181 (7th Cir.1994), here Liberty Mutual gained no "profits and interest" from the use of California Union's money, because it never had California Union's money in its possession. We find the same thread running throughout Illinois case law in this area: courts speak of forcing fiduciaries to account for money "wrongfully withheld" from the injured party. *See, e.g., McKenzie Dredging Co., Inc. v. Deneen River Co., Inc.*, 249 Ill. App.3d 694, 698, 188 Ill.Dec. 824, 827, 619 N.E.2d 188, 191 (3d Dist.1993) ("We agree, of

course, that the purpose of awarding prejudgment interest is to fully compensate a party when its money has been wrongfully withheld. We do not agree, however, that this concept mandates an award of prejudgment interest in every case involving [those in a fiduciary relationship]."); *Kennedy v. Miller*, 221 Ill.App.3d 513, 523, 163 Ill.Dec. 934, 941, 582 N.E.2d 200, 207 (2d Dist.1991) (accepting plaintiff's argument that he was entitled to interest at the prime rate on "the profits that the [defendants] wrongfully withheld"); *see also Wernick*, 127 Ill.2d at 88, 129 Ill.Dec. at 123, 535 N.E.2d at 888 (in equitable cases, courts should seek to "provide an accurate measure of compensation for money wrongfully withheld").

Strictly speaking, Liberty Mutual did not "wrongfully withhold" California Union's money; California Union's money was never in Liberty Mutual's pocket, and never directly benefitted Liberty Mutual. Instead, through its own negligence Liberty Mutual created an entirely new and unnecessary obligation for California Union to pay $3,723,242. While such negligence cannot be condoned, it is not clear to us that it rises to the level of "bad conduct" that must be present under Illinois law in order for a court to award interest based on equitable principles. *See Steward v. Yoder*, 86 Ill.App.3d 223, 226, 41 Ill.Dec. 709, 711, 408 N.E.2d 55, 57 (4th Dist.1980); *see also Needham v. White Laboratories, Inc.*, 847 F.2d 355, 362 (7th Cir. 1988). Accordingly, we find that the equitable considerations discussed in *Wernick* do not authorize an award of prejudgment interest here.

For the foregoing reasons, this Court amends its Order of March 28, 1996 *nunc pro tunc* to eliminate the award of interest to California Union, and denies California Union's motion for the computation of interest. We also award California Union costs pursuant to FED.R.CIV.P. in the amount of $8,291.16.