2020 IL App (2d) 190771-U
No. 2-19-0771
Order filed August 27, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| AMERICAN CHARTERED BANK, | ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 15-CH-704 |
| WOODALE PROPERTIES, LTD., | ) ) | |
| Defendant-Appellant | ) ) | Honorable Bonnie M. Wheaton, |
| (Daniel J. Hyman, Receiver-Appellee). | ) | Judge, Presiding. |

JUSTICE BRIDGES delivered the judgment of the court.
Justices McLaren and Jorgensen concurred in the judgment.

**ORDER**

¶ 1   *Held*: The trial court did not err in granting the receiver's motion to reinstate the action. Defendant forfeited the issue of whether the trial court abused its discretion in not allowing time for discovery on the receiver's petition for attorney fees, as defendant did not obtain a ruling on its discovery request. The trial court acted within its discretion in awarding the receiver $27,580.66 out of the $29,965.66 he requested in attorney fees. However, it abused its discretion in awarding $2,385 in attorney fees, because the trial court's final order did not reserve jurisdiction to award those fees, and there was no exception that would have provided the trial court with jurisdiction to award them. Therefore, we affirm as modified.

¶ 2   In this commercial mortgage foreclosure case, defendant, Woodale Properties, Ltd.,

appeals the trial court's orders: (1) granting the motion by the discharged receiver, Daniel J.

Hyman, to reinstate the action; (2) setting the hearing on the receiver's petition for attorney fees allegedly without allowing time for discovery; and (3) awarding the receiver $29,965.66 in attorney fees. We conclude that the trial court did not err in granting the motion to reinstate, that defendant forfeited the discovery issue, and that the trial court erred in its award of only $2,385 out of the total attorney fees it awarded. Therefore, we affirm as modified.

¶ 3                                    I. BACKGROUND

¶ 4       On April 13, 2015, American Chartered Bank (ACB) filed a complaint against defendant to foreclose a mortgage for commercial property. On July 8, 2015, ACB filed a petition to appoint Hyman as a receiver. The trial court granted ACB's petition and appointed Hyman as the property's receiver on October 19, 2015. On June 13, 2016, the receiver petitioned the court to appoint Fuchs & Roselli, Ltd., as his counsel. The trial court granted the request on June 21, 2016.

¶ 5       On January 17, 2017, ACB filed a motion to substitute MB Financial Bank, N.A. (MB Bank) as the party plaintiff, as successor by merger. The trial court granted the motion on May 11, 2017.

¶ 6       On August 31, 2017, MB Bank moved to voluntarily dismiss the foreclosure action with prejudice, stating that the parties had settled their dispute. It stated that defendant's indebtedness to MB Bank had been fully satisfied and that defendant would retain title to the mortgaged property. MB Bank additionally stated that the receiver should be discharged contemporaneously with the voluntary dismissal. Defendant, on the other hand, filed a motion to discharge the receiver before the dismissal of the cause so that defendant could immediately obtain control over the property. The trial court denied defendant's motion on September 8, 2017.

¶ 7       On December 19, 2017, the trial court issued a ruling: (1) approving the receiver's eighth report in its entirety with attorney fees of $23,450.78, operating expenses of $8,437.38, and

management fees of $2,819.35; (2) approving legal fees of $8,014.58, operating expenses of $13,224.80, and management fees of $6,200 in connection with the previously-approved receiver's seventh report; (3) and discharging the receiver and his bond. The order stated that if defendant failed to tender the payments to the receiver by the due date, the receiver could record a lien on the property. The order further stated: "This matter is hereby dismissed with prejudice with this Court retaining jurisdiction to enforce the terms of this Order."

¶ 8    Defendant appealed, seeking the reversal of the trial court's approval of the receiver's eight reports. On November 13, 2018, we affirmed, holding that the trial court did not err in approving the receiver's reports, in allowing him to bill his fees at a flat rate, or in allowing him to use a management company in which he had an ownership interest and an employment relationship. *American Chartered Bank v. Woodale Properties*, 2018 IL App (2d) 180049-U, ¶¶ 40, 47, 49, 57, 59.

¶ 9    Subsequently, on December 11, 2018, the receiver filed a motion to reinstate the case. He alleged that defendant was still in violation of the December 19, 2017, order, and he sought to file a petition for rule to show cause. In that petition, the receiver alleged that defendant failed to pay $19,659.91 due under the December 19, 2017, order. He alleged that he was also entitled to $20,029.31 for the attorney fees he incurred in defending against the appeal.

¶ 10   Defendant objected to the reinstatement, arguing that the receiver had been discharged and that the action had been dismissed with prejudice, such that the receiver lacked standing to reinstate the foreclosure action. Defendant additionally argued that under the December 19, 2017, order, the only relief that the receiver could obtain was to record and enforce a lien on the property. Finally, the receiver argued that the petition for rule to show cause was deficient as a matter of law.

¶ 11    On March 11, 2019, the trial court granted the receiver's motion to reinstate. On April 1, 2019, the receiver filed a petition for attorney fees. He stated that on April 25, 2018, he filed a property manager's lien for the $19,659.19 due to him as of his December 19, 2017, discharge. The receiver sought $21,792.81[1] for attorney fees stemming from the appeal, attorney fees of $5,787.85 incurred in bringing the petition for attorney fees, and $2,385 in attorney fees paid to Worsek & Vihon, LLP, for assistance in tax matters during the receivership.

¶ 12    On April 2, 2019, the trial court granted defendant 28 days to file a response to the petition for attorney fees. On April 24, 2019, defendant filed a motion seeking additional time to respond so that it could conduct discovery to determine whether the receiver had already been paid by his insurer for the attorney fees that he was seeking, and whether the invoices that the receiver had submitted to the insurer were consistent with the invoices he submitted in support of his petition. Also on April 24, 2019, defendant requested various types of discovery from the receiver. The trial court gave defendant until May 31, 2019, to answer and object to the receiver's petition.

¶ 13    On May 23, 2019, the receiver filed motions objecting to defendant's discovery requests. A hearing took place on July 1, 2019, at which time the court ruled that it would hold a hearing on the necessity and reasonableness of the attorney fees, after which it would resolve any remaining controversies.

¶ 14    On July 18, 2019, defendant filed an answer and objection, and a supporting memorandum, to the petition for attorney fees. Defendant argued that the receiver did not have a right to be

---

[1] The amounts that the petition alleged were due under the December 19, 2017, order and for attorney fees from the appeal differ slightly from the amounts the receiver alleged in his motion to reinstate.

reimbursed for attorney fees incurred during the appeal; that he forfeited any right to be reimbursed for the tax attorney fees because they were not included in the eighth report or otherwise submitted for reimbursement before the December 19, 2017, order; that the receiver had not actually incurred the fees being sought because his insurer had paid them; and that the fees were patently unreasonable.

¶ 15    In the receiver's response, he argued that he was entitled to appellate fees because, upon appealing, defendant *defacto* reinstated the receivership for the purpose of the receiver being able to retain counsel, and thus incur fees. The receiver further argued that because the trial court specifically retained jurisdiction in the December 19, 2017, order, it was within its discretion to award him all of the fees which it found reasonable and applicable to the receivership. He argued that whether his insurance carrier paid the fees was a premature issue, as the trial court had not yet awarded the fees he sought, but even otherwise, defendant would still have an obligation to pay the fees. Last, the receiver asserted that the fees were reasonable.

¶ 16    The trial court conducted a hearing on the petition for fees on August 7, 2019. It stated as follows. It bordered on disingenuous for defendant to complain about the fees the receiver incurred in the appeal when defendant chose to appeal every order entered by the trial court. By taking such a broad appeal, defendant assumed the risk of being required to reimburse the receiver for the attorney fees that he incurred. The trial court did not think that 24 or 25 hours of legal research on an appeal of that magnitude were unreasonable, and it granted the fees. It also granted the fees for the tax attorneys and for bringing the petition for fees, stating that the receiver was:

"not a litigant in the traditional sense. He [was] an officer of the Court appointed by [the trial] court, and [it] believe[d] that the fees that he incurred in carrying out the orders of the Court necessarily should be reimbursed."

It entered a judgment against defendant for $29,965.66.[2] Defendant timely appealed.

¶ 17                                II. ANALYSIS

¶ 18                         A. Trial Court's Jurisdiction

¶ 19    Defendant first argues that the trial court lacked jurisdiction to grant the receiver's petition to reinstate. Whether a trial court has jurisdiction is a question of law that we review *de novo*. *Enbridge Pipeline (Illinois), LLC v. Hoke*, 2019 IL App (4th) 150544-B, ¶ 26. However, we review a trial court's ruling on a petition to reinstate for an abuse of discretion. *Ryan v. Kontrick*, 335 Ill. App. 3d 225, 229 (2002).

¶ 20    The trial court loses jurisdiction over a case 30 days after it enters the final judgment, unless a timely posttrial motion is filed. *Peraino v. County of Winnebago*, 2018 IL App (2d) 170368, ¶ 13. Still, the trial court retains indefinite jurisdiction to enforce its judgment even after the 30 days have passed. See *In re Marriage of Warner*, 2020 IL App (3d) 190198, ¶ 22. A trial court may also retain jurisdiction to enforce its order where the judgment contemplates future performance by the parties. *Brigando v. Republic Steel Corp.*, 180 Ill. App. 3d 1016, 1020. Here, the trial court expressly retained jurisdiction to enforce its December 19, 2017, order.

---

[2] After the trial court stated its ruling, the receiver stated that he still had a petition for rule to show cause pending. Defendant disputed this assertion, stating that the receiver had attached a proposed petition for rule to show cause to his petition to reinstate but that it had not been filed. Neither the receiver nor the trial court disagreed with defendant's statement. The record supports defendant's position that no petition for rule to show cause for attorney fees due under the December 19, 2017, order was pending at the time the trial court made its ruling. Therefore, there are no pending petitions in the trial court that would deprive us of jurisdiction over this appeal.

¶ 21    Defendant points to the part of the trial court's December 19, 2017, order stating:

"Receiver shall provide defendant with a breakdown of the above amounts due and owing after the application of all sums held by receiver[.] Defendant shall have 10 days from Defendant's attorney's receipt of the notice of the amount due to tender said amount to Receiver. If Defendant fails to tender the amount due to Receiver within the above period, Receiver may record a lien against the subject property for the amount due[.]"

Defendant argues that 30 days after the entry of the order, the only basis upon which the trial could exercise jurisdiction was to enforce the order's terms, which was strictly limited to the receiver providing defendant with a breakdown of the amounts due and owing and recording a lien on the property if defendant failed to pay those amounts. Defendant argues that the receiver filed a petition to reinstate for the purpose of seeking new relief in the form of attorney fees incurred in the first appeal, but that it was not within the trial court's jurisdiction to provide such additional relief.

¶ 22    Defendant recognizes that the appellate court reached a contrary result in *Glanz v. Wisniewski*, 301 Ill. App. 520 (1939), which is factually similar to this case. In *Glanz*, the trial court approved the receiver's final report and account, directed that the unpaid balance be a lien on the property, discharged the receiver, and retained jurisdiction for the purpose of enforcing the order. *Id.* at 521. The plaintiff appealed, and the appellate court affirmed the ruling. The plaintiff then sought leave to appeal in the supreme court. *Id.* at 521-22. The receiver used the law firm authorized by the trial court to represent him in the reviewing courts. *Id.* at 522. The supreme court declined leave to appeal, and the receiver subsequently sought repayment of the fees incurred in defending against the appeals. The trial court granted the fees, and the plaintiff appealed, arguing

that the trial court lacked the jurisdiction to award the fees. *Id.* The appellate court disagreed, stating:

> "When plaintiff prosecuted the appeal he knew that it would be necessary for the receiver to hire an attorney for the purpose of sustaining the order appealed from. The decisions of our courts of review point out that solicitors' fees for services rendered in such courts of review cannot be considered there because of lack of original jurisdiction. Such decisions suggest that applications for fees for services rendered in the appellate tribunals be filed and considered in the trial courts. The chancellor could not allow fees for services rendered on the appeal until the appeal was prosecuted. He could not anticipate that plaintiff would appeal. We are of the opinion that the chancellor retained jurisdiction to award reasonable fees for services rendered in the Appellate and Supreme Courts." *Id.* at 522-23.

¶ 23    Defendant argues that we should reject *Glanz* because it is over 80 years old, it is from a different appellate district, and it has not been discussed or relied upon by Illinois courts. Defendant further argues that *Glanz* provided no analysis as to why such a drastic exception should be carved out of the general rule that a trial court loses jurisdiction to grant additional relief more than 30 days after the entry of the final judgment. Defendant argues that the appellate court's logic, that it was necessary for the receiver to retain an attorney to defend the appeal and that it was the province of the trial court to award fees, ignores a litigant's undeniable need to conduct a cost-benefit analysis when exercising its right to appeal. Defendant asserts that had it any advance notice that it would be liable for more than $20,000 in attorney fees, its analysis would have changed. Defendant argues that this is especially true because the receiver was discharged, after which he lost the right to employ attorneys and all interest in the subject litigation. See *City of*

*Chicago v. Concordia Evangelical Lutheran Church*, 2016 IL App (1st) 151864, ¶ 87 (a receiver's duty to the court ceases with his discharge). Defendant maintains that the receiver's right to be reimbursed for attorney fees is therefore limited to the time he served in the capacity of an officer of the court, and he is not permitted to appeal the decisions of the trial court that appointed him. See *Montpelier Cup & Metal Works v. Dilsaver*, 169 Ill. App 279, 281 (1912). Defendant argues that the receiver here could have filed a motion in this court at the outset of the first appeal seeking to be reinstated so that he could defend the appeal and employ counsel for the same purpose. Defendant maintains that such a requirement would be consistent with the "American Rule," under which a litigant may not recover attorney fees in the absence of a statute or contract. Defendant argues that we should hold that the trial court could reinstate the action only for the purpose of enforcing the December 19, 2017, order.

¶ 24    The receiver responds as follows. The trial court expressly retained jurisdiction to enforce the terms of its order, and because defendant chose to appeal that order, it forced him to expend more fees to protect his right to the previously-awarded fees. Although the order stated that he could record a lien on the property to secure his fees, the order did not limit his remedies to just a lien. Further, it was within the trial court's power to entertain enforcement proceedings after the dismissal of the cause and the passage of 30 days. See *Comet Casualty Co. v. Schneider*, 98 Ill. App. 3d 786 (1981). *Glanz* is on all fours with the instant matter, in that the trial court in both situations entered a final order approving the receiver's final report, discharged the receiver, allowed the receiver to record a lien for unpaid fees, and specifically retained jurisdiction to enforce the order. Further, in both cases the defendant appealed the order, which was affirmed, and the receiver then sought and was granted appellate attorney fees in the trial court. Although defendant implies that the holding of a different district is not controlling, it is controlling in the

absence of a contrary opinion from the Second District. See *Bryant v. Board of Election Commissioners*, 224 Ill. 2d 473, 479 (2007) (circuit courts are bound by all appellate court decisions, not just the appellate court in their own district). The receiver argues that defendant does not cite any authority that would warrant a different result.

¶ 25     The receiver continues that defendant takes the position that *Glanz* ignored a litigant's need to conduct a cost-benefit analysis when appealing, but it cites no authority for this proposition, thereby forfeiting the argument. The receiver alternatively argues that defendant's own conduct shows that it has no interest in conducting such an analysis, as neither appeal shows a wise use of time or funds considering the amount of the judgments, the costs to appeal, and defendant's legal arguments. According to the receiver, the "American Rule" is inapplicable because it requires *litigants* to pay their own fees, which does not apply to the receiver because he was court-appointed. See *City of Chicago v. Concordia Evangelical Lutheran Church*, 2016 IL App (1st) 151864, ¶ 85 ("American Rule" did not apply to receiver's attorney fees because he was not a party to the litigation; attorney fees were considered part of the receiver's own fees; and the trial court could award such fees incurred in securing and enforcing a judgment for the receiver's fees, even though the receiver had been discharged). The receiver argues that *Glanz*'s age alone is not a reasonable basis to overturn good law, especially considering that defendant relies on an even older case, *Montpelier Cup & Metal Works*, 169 Ill. App 279.

¶ 26     Both parties recognize that, applying *Glanz*, the trial court had jurisdiction to award the receiver the attorney fees that he incurred on appeal. Accordingly, the question is whether there is a compelling reason to deviate from *Glanz*. Defendant has cited several cases involving jurisdiction and receivers, so we disagree with the receiver that defendant has forfeited this

argument. However, we agree with the receiver that defendant has not provided a meritorious argument justifying deviating from *Glanz*.

¶ 27    First, *Glanz*'s age[3] and the lack of citing cases[4] is not reason to depart from *Glanz* in the absence of contrary caselaw. Second, although *Glanz* did not originate from the second district, this is of no consequence because the opinion of one appellate court district, division, or panel is not binding on others regardless. *People v. Lee*, 2018 IL App (3d) 160100, ¶ 15. Third, *Glanz* did provide a basis for its decision, in that attorney fees are typically sought and awarded in the trial courts, but the trial court could not prematurely award such fees for an appeal, and the appealing party was on notice that the receiver would incur appellate attorney fees in defending the trial court's order. *Glanz*, 301 Ill. App. at 522-23. With the *Glanz* decision, defendant here was expressly on notice of its potential liability for the receiver's appellate attorney fees. As the receiver points out, the "American Rule" for attorney fees does not apply because it requires litigants to pay their own fees, whereas the receiver was appointed by the court. See *Concordia Evangelical Lutheran Church*, 2016 IL App (1st) 151864, ¶ 85. We further observe that the trial

---

[3] We additionally note that appellate decisions issued before the Courts Act was amended in 1935 (Ill. Rev. Stat. 1935, ch. 37, ¶ 41 (repealed by P.A. 79-1360, § 18, eff. Oct. 1, 1976)) have no binding authority, though they have persuasive value. *Chicago Title & Trust Co. v. Vance*, 175 Ill. App. 3d 600, 606; see also *Bryson v. News America Publications, Inc.*, 174 Ill. 2d 77, 95 (1996)). *Glanz* was published in 1939, whereas *Montpelier Cup & Metal Works*, 169 Ill. App 279, which defendant cites, was published in 1912.

[4] *Glanz* was cited in one case for a proposition that is not relevant here. See *612 North Michigan Avenue Building Corp. v. Factsystem, Inc.*, 54 Ill. App. 3d 749, 754 (1977).

court implicitly and expressly retained jurisdiction to enforce its orders, and the receiver's conduct in defending against the appeal was in furtherance of enforcing the trial court's orders, in addition to the receiver's own interest and right to defend the sums awarded for his work and expenses.

¶ 28     *Montpelier Cup & Metal Works* does not require a different result, even setting aside that the case is not precedential (see ¶ 27 n.3). The court stated the general principle that "[b]eing merely an officer of the court without any right or interest in the litigation, the court had the right to discharge [the receiver] at any time and he could not appeal from the order." *Montpelier Cup & Metal Works*, 169 Ill. App at 281. However, it then went on to conclude that the receiver did have a right to appeal in the case before it because the trial court had failed to make a provision in its order for the receiver to be paid the amount due to him from the property for his compensation and expenditures. *Id.* Similarly, the instant case does not fall into the general prohibition that a receiver may not appeal from an order discharging him, as the receiver here did not appeal from the order (but rather was the appellee), and he incurred the attorney fees in defending against the appeal for the purpose of preserving the trial court's orders and the sums awarded to him.

¶ 29     We also conclude that the trial court had jurisdiction to award the receiver the attorney fees that he incurred in the trial court in attempting to collect the attorney fees from the appeal. In *Concordia Evangelical Lutheran Church*, 2016 IL App (1st) 151864, ¶ 85, which the receiver cites, the court held that the trial court could award attorney fees in obtaining and enforcing a judgment for the receiver's fees, even though the receiver had been discharged. See also *Rosenblatt v. Michigan Avenue National Bank*, 70 Ill. App. 3d. 1039, 1044 (1979) (same). Here, the attorney fees that the receiver recently incurred in the trial court can be traced back to enforcement of the original orders for the receiver's fees, so the same reasoning applies. Based on our determination

that the trial court had jurisdiction to award attorney fees to the receiver, we conclude that it did not abuse its discretion in granting the motion to reinstate.

¶ 30                                    B. Discovery

¶ 31    Defendant next argues that the trial court abused its discretion by failing to provide sufficient time to compel the receiver's compliance with written discovery. Defendant maintains that after the receiver filed the petition for attorney fees, defendant received uncorroborated information that the fees may have been charged not to the receiver but rather to one or more of his insurance carriers. Defendant argues that this raised the question of whether the receiver had actually incurred any attorney fees and/or already received payment for the attorney fees he sought in this case, and whether any invoices the attorneys issued to the insurance carriers were consistent with the invoices that the receiver submitted in support of his petition, or were for far less. Defendant states that the receiver objected to defendant's discovery requests on this issue and moved to quash a subpoena, after which the trial court determined that discovery was not yet relevant, and set the petition for a hearing. Defendant argues that the trial court stated that it would address any controversies after the hearing, but it then entered a final judgment without allowing time for discovery.

¶ 32    The receiver argues that defendant never secured a ruling from the trial court on its discovery requests, thereby forfeiting the issue for review. He notes that the trial court made clear that it would first determine the reasonableness and necessity of his appellate fees, and then if there were any controversy after that, it would consider any issues regarding his insurer's payment of such fees. The receiver points out that at the hearing on the petition for attorney fees, his attorney stated: "The insurance company has appointed us to act as subrogation [*sic*] to recover those fees on behalf of them because they pay those fees in order for him to go forward with this appeal and

to defend himself." The receiver argues that although defendant's counsel argued that he believed that such an arrangement was procedurally improper, he seemed to accept the receiver's counsel's statement regarding the payer of the fees as closing the issue. The receiver maintains that, consistent therewith, at no point during the hearing did defendant seek or secure a ruling on the propriety of its very broad discovery requests. The receiver notes that the trial court entered judgment against defendant for the attorney fees that day, but defendant never flagged its prior discovery requests as being an open issue for the trial court, such as by filing a motion to reconsider or similar motion, but instead appealed the order without securing a ruling by the trial court regarding discovery. The receiver cites *FDL Foods, Inc. v. Kokesch Trucking Inc.*, 233 Ill. App. 3d 245, 258 (1992), where this court stated a party forfeited objections by failing to raise them at trial or secure a ruling on the objections before appealing.

¶ 33     The receiver argues that even if defendant had secured a ruling on this issue in the trial court, defendant has forfeited it in a different manner, by failing to cite authority holding that the refusal to permit discovery on a fee petition amounts to an abuse of discretion. The receiver argues that, to the contrary, our supreme court has stated that "courts frequently award attorney fees without discovery by the party charged with paying them and without holding evidentiary hearings." *Raintree Health Care Center v. Illinois Human Rights Comm'n*, 173 Ill. 2d 469, 495 (1996). The receiver argues that defendant has also provided no authority regarding the relevance of the source of his attorney fee payments. The receiver argues that, as mentioned within his memorandum submitted to the trial court, his insurance carrier specifically authorized his counsel to recoup the fees he spent throughout the instant litigation. The receiver contends that allowing him to recover the money "is a proactive approach for purposes of avoiding the insurance carrier

being forced to file a subrogation action (which could take years) seeking the exact same fees [he] currently seeks."

¶ 34    Though we are troubled by the receiver's statement that his attorneys were recovering the attorney fees for his insurance carrier, who was not a party to the litigation, this issue pertains to the receiver's standing, an issue which defendant forfeited by not raising in the trial court. See *Knox v. Chicago Transit Authority*, 2018 IL App (1st) 162265, ¶ 19 (issues of standing do not impact subject matter jurisdiction, and lack of standing is an affirmative defense that is the defendant's burden to plead and prove, and it may be forfeited if the defendant does not raise it in a timely manner). Defendant took the preliminary steps of attempting to obtain discovery on this subject, but we agree with the receiver that defendant forfeited the issue of discovery as well. A movant must obtain a ruling on a motion to avoid forfeiture of the issue on appeal (*Ramirez v. Chicago Board of Election Commissioners*, 2020 IL App (1st) 200240, ¶ 37), even where a proper objection has been made (*Tirado v. Slavin*, 2019 IL App (1st) 181705, ¶ 43). Here, defendant filed a motion for additional time to respond to the petition for attorney fees so that it could conduct discovery, and the receiver filed motions objecting to the discovery requests. On July 1, 2019, the trial court ruled that it would first determine whether the attorney fees were necessary and reasonable, and it would thereafter rule on any remaining controversies. On August 7, 2019, the trial court ruled that the fees were necessary and reasonable, and it entered judgment against defendant. However, defendant did not raise the issue of discovery either at the end of the hearing or in a posttrial motion, and thereby failed to obtain a ruling on the subject. Accordingly, defendant has forfeited the issue for review.

¶ 35                    C. Reasonableness of Attorney Fees

¶ 36    Last, defendant argues that trial court abused its discretion in awarding the attorney fees, because the fees were unreasonable on their face. Defendant maintains that they were clearly excessive and grossly inflated, including, among several examples, 8.5 hours to prepare a boilerplate petition for attorney fees that was never prosecuted and 25.75 hours of legal research for an appeal with limited issues. Defendant argues that in addition to the specific instances it highlighted, the billing entries show duplicate time for research and review of the same materials, additional time billed for matters that were never filed, and an excessive time spent on simple matters.

¶ 37    Defendant contends that the trial court also erred when it awarded the receiver the attorney fees allegedly incurred by Worsek & Vihon, LLP. First, defendant argues that under the trial court's October 19, 2015, order, the receiver was not permitted to retain counsel without the court's explicit approval, yet he never requested or obtained such approval to hire Worsek & Vihon, LLP. Defendant maintains that the receiver therefore had no right to be reimbursed for its fees. Second, defendant argues that if the fees for that firm were incurred before the December 19, 2017, order, his request for reimbursement was barred by *res judicata*, which prohibits relitigating not only what was decided in the first action, but also whatever could have been decided. See *Hudson v. City of Chicago*, 228 Ill. 2d 462, 467 (2008). Defendant argues that to the extent that the fees were incurred after the December 19, 2017, order, the receiver had no statutory right to employ counsel for anything related to the property after he was discharged. Finally, defendant argues that the receiver presented no evidence to support an award of fees for work by Worsek & Vihon, LLP. Defendant argues that the only affidavit attached to the petition for attorney fees was from an attorney from Fuchs & Roselli, Ltd., and that an invoice that the receiver provided was unauthenticated and unverified, and thus hearsay.

¶ 38    The receiver responds that the trial court properly exercised its discretion in finding that his attorney fees were reasonable. He argues that the trial court specifically commented on the breadth of defendant's appeal, which contested eight separate receiver reports of over 100 pages each and raised numerous issues. The receiver maintains that defendant's claim that he billed over 25 hours on legal research is false and a deliberate misrepresentation of the record, in that the detailed billing entries show that almost every reference to research is contained within a time entry that also contains drafting or other related tasks. The receiver argues that defendant's claim that it is unreasonable to take eight hours to research, draft, revise, and prepare a petition for attorney fees, as well as reviewing and redacting all of the invoices and preparing the exhibits, is not well-taken. The receiver contends that the argument that the petition was not prosecuted is baffling, as the petition led to the judgment that defendant now appeals. The receiver argues that defendant's challenges to other flagged expenses are also without merit.

¶ 39    Regarding the work by Worsek & Vihon, LLP, the receiver points out that he requested to appoint tax appeal counsel in his first receiver's report, and that the trial court subsequently approved that report. Receiver also highlights that in defendant's response in opposition to the report, defendant stated that it did not object to the hiring of a tax appeal attorney so long as the attorney was hired on a contingency basis. The receiver argues that, consistent therein, Worsek & Vihon, LLP, charged fees based on a contingent percentage of the savings it was able to secure for the property, and an invoice for those fees was provided to the trial court.

¶ 40    As we stated in the prior appeal (see *American Chartered Bank*, 2018 IL App (2d) 180049-U, ¶ 36), when a receiver requests an award of fees, he or she must submit enough evidence on the fees' reasonableness to permit the trial court to make a reasoned ruling. *Concordia Evangelical Lutheran Church*, 2016 IL App (1st) 151864, ¶ 58. An evidentiary hearing is not required for every

fee petition. *Id.* If the petition includes time sheets detailing the receiver's activities and showing other factors relevant to a fee award, it may be sufficient to show that the requested fees are reasonable. *Id.* If the receiver presents sufficient evidence of the fees' reasonableness, the burden then shifts to the respondent to show that the fees are unreasonable. *Id.* ¶ 58. We will not disturb a trial court's award of receiver's fees absent an abuse of discretion. *Id.* ¶ 55; *Plote, Inc. v. Minnesota Alden Corp.*, 95 Ill. App. 3d 5, 7 (1981). A trial court abuses its discretion where its ruling is arbitrary, fanciful, or unreasonable, or where no reasonable person would take the trial court's view. *Concordia Evangelical Lutheran Church*, 2016 IL App (1st) 151864, ¶ 73.

¶ 41    We have reviewed the invoices from Fuchs & Roselli, Ltd., and cannot say that the trial court abused its discretion in not conducting an evidentiary hearing on the request for fees, or in concluding that the fees were reasonable. As for Worsek & Vihon, LLP, we agree with the receiver that he received permission from the trial court to hire tax appeal counsel, and that defendant stated that it did not object as long as counsel was hired on a contingency basis, which is what occurred. The invoice from the firm that the receiver included in the record is dated March 28, 2018, which is after the trial court's December 19, 2017, order. However, that order discharged the receiver and did not reserve jurisdiction to award the tax appeal fees, such that the trial court lost jurisdiction to award these fees to the receiver. See *supra* ¶ 20. Further, the receiver has not cited, nor has our research revealed, a special circumstance for a trial court's continuing jurisdiction to allow such fees, unlike with appellate attorney fees. We also note that the receiver incurred the appellate attorney fees and subsequent trial court fees while trying to preserve the trial court's award of fees in his favor, whereas the trial court had not previously awarded fees for tax counsel. Had the receiver wanted to preserve his right to such fees, he should have made sure that the trial court reserved jurisdiction to award them in its December 19, 2017, order. Accordingly, pursuant to our

authority under Illinois Supreme Court Rule 366(a)(5) (eff. Feb. 1, 1994), we modify the trial court's attorney fee award to subtract the $2,385 for the fees of Worsek & Vihon, LLP, resulting in a total attorney fee award of $27,580.66.

¶ 42                                    III. CONCLUSION

¶ 43     For the reasons stated, we affirm the judgement of the Du Page County circuit court in all respects except its grant of $2,385 in attorney fees for tax counsel, and we modify its ruling to reflect a total attorney fee award of $27,580.66.

¶ 44     Affirmed as modified.